Argued and submitted November 18, 1987, affirmed June 22, 1988

In the Matter of the Compensation of
Myron W. Rencehausen, Sr., Claimant.
## WEYERHAEUSER COMPANY,
*Petitioner,*

*v.*

## RENCEHAUSEN,
*Respondent.*

(WCB Nos. 84-12397, 85-04595
and 85-13561; CA A43268)

757 P2d 859

Daniel M. Spencer, Coos Bay, argued the cause for petitioner. With him on the brief was Foss, Whitty & Roess, Coos Bay.

Michael R. Stebbins, North Bend, argued the cause for respondent. With him on the brief was Hayner, Stebbins & Coffey, North Bend.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

PER CURIAM

## PER CURIAM

This is a companion case to *Weyerhaeuser Co. v. Rencehausen (A43484),* 91 Or App 717, 757 P2d 860 (1988). Employer seeks review of a Worker's Compensation Board order that it pay temporary total disability for the period April 1, 1985, to January 29, 1986, the date of the determination order on claimant's aggravation claim for a shoulder injury. It argues that the doctor's order that claimant was not released for work was insufficient to prove that claimant could not return to work after April 1, 1985. Accordingly, it asserts, "claimant received 100 percent of everything to which he was entitled under the law." We disagree.

On *de novo* review, we find that claimant was medically stationary with respect to his aggravated shoulder injury on January 16, 1983. We further find that, because of his shoulder injury, claimant's physician did not authorize him to return to work from April 1, 1985, until after the January 29, 1986, determination order. Accordingly, the board correctly ordered employer to pay claimant temporary total disability for that period.[1] ORS 656.268(2)(c);[2] *see also* OAR 436-65-010(7).[3]

Affirmed.

---

[1] It is not material that the referee also stated that payment of temporary total disability for the period April 1, 1985, to January 29, 1986, creates "an overpayment which the employer will be authorized to offset against any unpaid awards for permanent disability" and that "the employer is authorized to offset this temporary disability payment, which is an overpayment, against any unpaid awards or permanent disability." Whether or not employer is entitled to an offset, it is obligated to pay temporary total disability. *Fazzolari v. United Beer Distributors,* 91 Or App 592, 757 P2d 857 (1988).

[2] *Former* ORS 656.268(2) provides:

"If the attending physician has not approved the worker's return to the worker's regular employment, the insurer or self-insured employer must continue to make temporary total disability payments until termination of such payments is authorized following examination of the medical reports submitted to the Evaluation Division under this section."

[3] OAR 436-30-030(7) provides:

"A worker who has not been authorized by the worker's attending physician to return to regular employment shall be paid compensation until the determination order has been issued pursuant to ORS 656.268, unless the worker actually returned to work."