Argued and submitted February 26, reversed and remanded on issue of aggravation, affirmed on extent of disability issue June 4, 1986

In the Matter of the Compensation of
Gary Manous, Claimant.

MANOUS,
*Petitioner,*

*v.*

ARGONAUT INSURANCE et al,
*Respondents.*

(WCB 83-07482; CA A36414)

719 P2d 1318

Ronald L. Bohy, Salem, argued the cause and filed the brief for petitioner.

LaVonne Reimer, Portland, argued the cause for respondents. With her on the brief was Lindsay, Hart, Neil & Weigler, Portland.

Before Richardson, Presiding Judge, and Warden and Warren, Judges.

WARDEN, J.

## WARDEN, J.

In this workers' compensation case, claimant seeks judicial review of a Workers' Compensation Board order which reversed the referee and found that he had suffered a new injury rather than an aggravation of a compensable condition. We reverse.

Claimant suffered a compensable on-the-job low back sprain in December, 1979. Although he was found to be medically stationary by March, 1980, he continued to suffer moderate back pain. He was released for light work in April, 1980, and was advised to avoid repetitive lifting, bending and stooping. In June, 1980, he was diagnosed as suffering chronic low back strain and was placed on a vocational assessment program. The claim was closed in September, 1980, by a determination order which awarded him 5 percent unscheduled permanent partial disability.

Claimant later exacerbated his condition by lifting a heavy box while working at a sporting goods store, and the claim was reopened in March, 1982. Examining physicians concluded that he had a mild chronic cervical and lumbar sprain. He suffered recurrent neck pain, which was exacerbated by certain activities; lumbar pain was also intermittent and increased with certain activities. No physical impairment was noted, but he was considered disabled by mild recurrent pain. A referee found that he had suffered an aggravation of his earlier compensable injury and awarded an additional 10 percent unscheduled permanent partial disability in August, 1982.[1]

Although he did not seek further medical treatment, claimant continued to suffer chronic back pain. On August 14, 1983, while on a fishing trip, he slipped and fell to his knees while carrying some firewood up a steep slope. He felt an immediate sharp, stabbing pain in his back, which he testified was identical to, but more severe than, his original injury. He sought treatment from Dr. Urban, a chiropractor, who reported that the injury was an aggravation of the previous

---

[1] Claimant requested a hearing in August, 1983, regarding the extent of disability awarded by the August, 1982, determination order. It was consolidated for hearing with his subsequent aggravation claim.

compensable injury and represented a worsening of the underlying condition.

Respondent denied the aggravation claim, and a hearing was held in November, 1984. Relying on *Grable v. Weyerhaeuser Co.*, 291 Or 387, 631 P2d 768 (1981), the referee found that claimant's on-the-job injury was a material contributing cause of his worsened condition. On review, the Board reversed, finding that claimant had suffered a new injury that was an intervening and superseding cause of his condition and that his industrial injury was not a material contributing cause of the worsened condition. The Board concluded that claimant had not met his burden of proof, stating:

> "There is no evidence that claimant required treatment for his back condition due to residuals from the original industrial injury or that the original injury contributed in any way to the severity of claimant's condition. The only relationship between claimant's industrial injury and non-industrial injury is that the same part of his body was involved. We are not persuaded that claimant's industrial injury was a material contributing factor in his need for treatment or his disability after August 14, 1983 * * *."

We are at a loss to understand the Board's conclusion that there is "no evidence" that claimant's industrial injury contributed to the severity of his condition. Urban had reported:

> "Patient has experienced mild to moderate episodes of remission and exacerbation of the above signs and symptoms (burning pain at the base of the neck, stabbing pain in mid-back and severe dull ache in the low back) since the initial injury of 1979. The * * * fall has caused a complete exacerbation of initial signs and symptoms."

In a subsequent report to the insurer, Urban had stated:

> "Upon review of [claimant's] case history his signs and symptoms are identical however much more severe than his original injury. In my opinion this injury dated 8-14-83 is a definite aggravation to [*sic*] a previous injury and represents a worsening of his underlying condition."

Claimant had continued to suffer chronic pain associated with his original industrial accident. He was limited to light work.

The most recent incident was not particularly severe, but it caused him to suffer more intense pain in the same area.

A compensable injury need not be the sole or principal cause of claimant's worsened condition. *Peterson v. Eugene F. Burill Lumber,* 294 Or 537, 660 P2d 1058 (1983); *Coddington v. SAIF,* 68 Or App 439, 445, 681 P2d 799 (1984). We agree with the referee that Urban's findings and report are persuasive that the compensable injury was a material cause of his worsened condition and that the worsened condition is not solely the result of an independent, intervening non-industrial cause. *Grable v. Weyerhaeuser Co., supra,* 291 Or at 401.

Claimant also seeks review of that part of the Board's order affirming the extent of liability awarded in the August, 1982, determination order. On that issue we affirm the Board.

Reversed and remanded on the issue of aggravation; affirmed on the extent of disability issue.