Submitted on record and brief October 10, affirmed November 30, 1988

In the Matter of the Compensation of
Harold D. Tallent, Claimant.

METRO MACHINERY RIGGING et al,
*Petitioners,*

*v.*

TALLENT,
*Respondent.*

(WCB 85-09741; CA A47908)

764 P2d 974

Priscilla M. Taylor and Davis and Bostwick, Portland, filed the brief for petitioners.

No appearance for respondent.

Before Warden, Presiding Judge, and Graber and Riggs, Judges.

GRABER, J.

## GRABER, J.

Metro Machinery Rigging and EBI Companies (EBI) seek review of an order of the Workers' Compensation Board that denied EBI's request to offset an alleged overpayment of compensation against any future benefits paid to claimant. The referee found, and the Board agreed, that there was no evidence to support the amount of overpayment claimed by EBI or to explain how that amount was calculated. EBI argues that there was not substantial evidence to support the Board's finding (in other words, that it is entitled to the overpayment as claimed) or, at a minimum, that we should remand the case to the referee for a determination of the amount of offset. On review for substantial evidence and errors of law, ORS 656.298(6), we affirm.

Claimant injured his head and wrist on June 29, 1984, when he fell from a roof. On September 10, 1984, the Evaluation Division issued a determination order awarding him 10% unscheduled permanent partial disability (PPD) and 30% scheduled PPD. He requested a hearing. Later he entered an authorized training program and, as a result, the hearing was postponed until he completed the program.

On January 8, 1987, the Division issued a second determination order, which noted claimant's completion of the training program but made no change in the disability award. The new determination order also awarded claimant temporary total disability (TTD) benefits from March 10, 1986, to October 10, 1986, and found him to have been medically stationary since June 21, 1985. On February 17, 1987, EBI sent claimant a letter advising him that

> "[a]n audit of the Determination Order has now been completed. As you know, the Determination Order terminated your benefits effective October 10, 1986 and we continued to pay you benefits through January 9, 1987.

> "Therefore, this has created an overpayment in the amount of $3,949.46. We will be requesting authorization to recover this from any future benefits."

On February 18, 1987, EBI filed a response to the request for hearing, raising the issue of overpayment.

A hearing took place on March 2, 1987. The only

evidence on the overpayment was EBI's letter of February 17 and claimant's statement at the beginning of the hearing:[1]

> "MR. TALLENT: There's one thing I wanted to ask and, you know, I'm not familiar with any of this. The last checks that I got, they mailed me two checks on—it was on January—it was either the 8th—it was on a Saturday. I think it was either on the 8th or the 9th. One check was mine, because it was my last check, and I took that check back, and I can't figure out how it could be almost $4,000 when I was only out of school for three months, and I wasn't even hardly getting $1,000 a month.

> "REFEREE: Well, that's something that [EBI's representative is] going to have to prove, how they came up with that amount."

In his opinion and order, the referee found that EBI had followed the proper procedure in notifying claimant of the alleged overpayment, *see* OAR 436-60-170,[2] but had failed to present sufficient evidence at the hearing to prove the amount of the overpayment alleged and how it was calculated.[3]

EBI "is entitled to an offset of benefits that have been paid only if the evidence shows that the claimant was not entitled to the benefits." *Fazzolari v. United Beer Distributors*, 91 Or App 592, 595, 757 P2d 857, 93 Or App 103, 761 P2d 6 (1988). EBI's letter fulfills the procedural requirement of notification but, without more, is insufficient to prove EBI's entitlement to a particular amount of overpayment by a preponderance of the evidence.

EBI relies in its brief on an audit sheet, dated February 12, 1987, which details the method of calculating the

---

[1] Claimant was unrepresented at the hearing and is unrepresented on appeal.

[2] OAR 436-60-170 provides the following requirements for notifying a claimant of an overpayment and the intent to offset it against future benefits:

"(1) Insurers may recover overpayment of benefits paid to a worker through the procedure specified by ORS 656.268(10).

"(2) Recovery of overpayment by the insurer shall be explained in written form to the worker, and the worker's attorney if represented, or to the dependent(s) of the worker if a fatality, and include:

"(a) An explanation for the reason of overpayment;

"(b) The amount of the overpayment; and

"(c) The method of recovery of the overpayment."

[3] The opinion and order also increased claimant's award of unscheduled PPD to 30 percent.

claimed overpayment. The audit sheet was not introduced at the hearing, however. EBI moved to reconsider, seeking to add the audit sheet to the record. The referee denied the motion on the basis that

> "the argument presented, carried to its logical conclusion, denies the need for evidence to prevail on an issue, as well as concepts of finality and res judicata."

In affirming the referee, the Board rejected EBI's entreaty to remand to the referee for consideration of the audit sheet.

> "We may remand to the Referee should we find that the record has been 'improperly, incompletely or otherwise insufficiently developed.' ORS 656.295(5). To merit remand for consideration of additional evidence it must be clearly shown that material evidence was not obtainable with due diligence at the time of the hearing. *Kienow's Food Stores v. Lyster,* 79 Or App 416, [719 P2d 890] (1986); *Delfina P. Lopez,* 37 Van Natta 164, 170 (1985).

> "After de novo review, we are not persuaded that the record has been improperly, incompletely or otherwise insufficiently developed. Furthermore, we find that the additional evidence regarding the amount of the overpayment was obtainable with due diligence at the time of the hearing. Accordingly, we conclude that remand is not warranted and affirm the order of the Referee."

The Board applied the correct legal standard to EBI's request to supplement the record. *See Compton v. Weyerhaeuser Co.,* 301 Or 641, 647-48, 724 P2d 814 (1986). There is substantial evidence to support the Board's finding that the audit sheet was obtainable at the time of the hearing, because it was EBI's own document and was prepared well before the hearing. Consequently, there also is substantial evidence to support the Board's finding that the hearing record failed to establish EBI's entitlement to the overpayment.

Affirmed.