Argued and submitted January 27, affirmed July 1, 1992

In the Matter of the Compensation of
Wilbur A. Lewis, Claimant.

Wilbur A. LEWIS,
*Petitioner,*

*v.*

COOS COUNTY SCHOOL DISTRICT NO. 9.,
Liberty Northwest Insurance,
Wilbur Lewis and SAIF Corporation,
*Respondents.*

(87-16921, 87-15619, 87-12042; CA A67374)

833 P2d 1357

Donald Hooten, Eugene, argued the cause for petitioner. With him on the brief were Christopher D. Moore and Malagon, Moore & Johnson, Eugene.

William McDaniel, Coos Bay, argued the cause for respondent Liberty Northwest Insurance. With him on the brief was Foss, Whitty, Littlefield and McDaniel, Coos Bay.

Thomas E. Ewing, Salem, argued the cause for respondent SAIF Corporation. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Claimant seeks review of an order of the Workers' Compensation Board that denied his claim for compensation. We affirm.

Claimant has a long history of pain in and nondisabling injuries to his neck, shoulders and back. In 1972, SAIF accepted a neck and back injury.[1] Beginning the same year, x-rays of claimant's dorsal and lumbar spine revealed degenerative changes. The 1972 injury claim was closed in 1973 by a determination order. In 1977, Dr. Campagna diagnosed cervical and lumbar arthritis. Claimant continued to work and to receive intermittent treatment for shoulder and back pain. In the early 1980s, Campagna and two other doctors again diagnosed cervical arthritis and a degenerative shoulder joint.

In 1985, claimant began work as a custodian for the school district. Within a year, he hurt his shoulder. He filed no claim. In April, 1987, he was involved in a car accident. Afterward, he experienced neck and shoulder pain that gradually worsened. Campagna diagnosed that the neck pain was caused by nerve root compression due to arthritis and that the compression was aggravated by the accident. He and Dr. Smith performed separate surgeries on claimant's neck and shoulder.

Claimant sought to reopen the 1972 SAIF claim. He also filed an injury claim against the school district, which Liberty Northwest Insurance (Liberty) insured. SAIF denied that either the neck or shoulder condition were related to the 1972 injury. Liberty did not respond to the claim within 60 days.[2] On October 12, 1987, claimant requested a hearing.[3] On December 30, the Board issued a notice of hearing, which was held on January 27, 1988. At the hearing, Liberty accepted the shoulder condition but denied that the neck

---

[1] Claimant was self-employed and insured by SAIF when he was injured in 1972. Accordingly, he is denoted a respondent.

[2] The only written response to the claim by Liberty in the record is a form on which it marked a space that indicated that it denied that claimant was entitled to penalties or fees. The form is dated January 11, 1988, 16 days before the hearing.

[3] On November 4, claimant requested a hearing on SAIF's denial. The claims against Liberty and SAIF were consolidated for hearing.

condition was compensable or that it was responsible for it. Claimant requested a postponement so that he could depose Campagna. The referee denied the request and upheld the denials.

The Board affirmed. It held that claimant had failed to show that he was unable with due diligence to have obtained another report from Campagna before the hearing. It also held that the record was not incomplete, because it contained enough evidence for it to decide that the neck condition was not compensable.

■ Claimant assigns error to the Board's refusal to remand for further evidence. He asserts that Liberty denied compensability for the first time on the day of the hearing and that he did not know that it would be an issue. The Board found that Liberty had notice of the claim on July 9, 1987. ORS 656.265(1); *see Argonaut Ins. Co. v. Mock (A41801)*, 95 Or App 1, 5, 768 P2d 401, *rev den* 308 Or 79 (1989). The Board held that, because Liberty did not respond to the claim within 60 days, Liberty had denied it "de facto." *See Barr v. EBI Companies*, 88 Or App 132, 134, 744 P2d 582 (1987).

Claimant asserts that he discovered for the first time at the referee's hearing that Liberty would deny compensability. His request for a hearing, filed over three months earlier, had specified that compensability and responsibility would be at issue. He identified Liberty as the insurance carrier with regard to those issues and others. Moreover, he specified compensability as an issue against SAIF and knew that the claims were consolidated for hearing. Therefore, the issue of "*de facto* denial" is irrelevant.

■ Claimant also argues that the record was incomplete and that the Board could not determine from it whether the 1972 injury materially contributed to a worsening of his neck condition. *See Manous v. Argonaut Ins.*, 79 Or App 645, 649, 719 P2d 1318 (1986). The Board may remand a case to take further evidence if it determines that the case has been incompletely developed. ORS 656.295(5). The record contains numerous reports from Campagna. In each, he made essentially the same diagnosis: claimant had progressive arthritis in the neck. Campagna's opinion about the etiology of that condition remained unchanged after the accident and

surgery. Moreover, claimant had had no complaints about neck pain for over 18 months before the automobile accident. The record was adequately developed. *See Metro Machinery Rigging v. Tallent*, 94 Or App 245, 249, 764 P2d 974 (1988).

■   Claimant also argues that the Board failed to explain how it concluded that no extraordinary circumstances beyond his control existed to justify a remand. *See* OAR 438-06-081. The Board's order sufficiently explained why it refused to remand.[4]

Affirmed.

---

[4] The Board stated that over two months elapsed between claimant's request for a hearing and the hearing. It also recited that claimant's attorney's explanation for failing to depose Campagna was that he unexpectedly had a plethora of cases scheduled for hearing.