Argued and submitted November 13, 1991, remanded for reconsideration in part; otherwise affirmed October 14, 1992

In the Matter of the Compensation of
Vincent B. Sweeney, Claimant.

## SAIF CORPORATION
and Sweeney Siding,
*Petitioners,*

*v.*

Vincent B. SWEENEY,
*Respondent.*

(90-09754; CA A68897)

839 P2d 254

David L. Runner, Assistant Attorney General, Salem, argued the cause for petitioners. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Dennis O'Malley, Portland, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

DEITS, J.

## DEITS, J.

Employer seeks review of the Workers' Compensation Board's order that held that it did not have the authority to re-evaluate and reduce payments on a permanent partial disability (PPD) award that had been suspended during claimant's participation in vocational rehabilitation and which assessed a penalty and attorney fees against it for unreasonable claim processing.

Claimant suffered a back injury on the job in 1988. Employer accepted the claim, and a determination order was issued on July 28, 1989, awarding temporary disability from the time of the injury until June 12, 1989, and 36 percent unscheduled PPD. Claimant applied for a lump sum payment, which was approved. Neither claimant nor employer requested a hearing on the determination order. On July 30, 1989, claimant entered an authorized vocational rehabilitation program. Under the applicable statutes and rules, payment of claimant's PPD award was suspended during his participation in vocational training. On March 23, 1990, claimant was examined at employer's request. He completed the vocational rehabilitation program on April 13, 1990, and began work for a new employer on April 16, 1990. On April 30, 1990, employer issued a notice of closure, by which it reevaluated and reduced claimant's PPD award from 36 percent to 17 percent. Subsequently, employer paid claimant a lump sum award of 17 percent.

Claimant requested a hearing. The referee held that employer did not have the authority to reduce claimant's award in its notice of closure and ordered it to pay the 36 percent award in the 1989 determination order. The referee reasoned that the 1989 determination order had become final 180 days after it was issued and that employer should have begun paying on it as soon as claimant finished the training program. The referee concluded, however, that claimant's disability was 25 percent and authorized an offset of the difference between the 36 percent and 25 percent against any future award of permanent disability. The referee also assessed a penalty against employer and ordered it to pay attorney fees.

On review, the Board held that, because the 1989 determination order had become final by operation of law, employer did not have the authority to re-evaluate and reduce claimant's award. The Board reversed the referee's reduction of claimant's PPD award, as well as the attorney fees related to the increase of the employer closure award from 17 percent PPD to 25 percent, awarded attorney fees for Board review and otherwise affirmed.

Employer assigns error to the Board's holding that it did not have the authority to re-evaluate and reduce claimant's original PPD award after he had finished the vocational rehabilitation program. Employer argues that, after a worker completes a vocational rehabilitation program, an earlier determination order may be determined anew and the previous award, even if it has become final, may be adjusted.

The pertinent statute is ORS 656.268(5):[1]

> "*If*, after the determination made or notice of closure issued pursuant to subsection (3) or (4) of this section, *the worker becomes enrolled and actively engaged in training * * *, any permanent disability payments due under the determination shall be suspended*, and the worker shall receive temporary disability compensation while the worker is enrolled and actively engaged in the training. When the worker ceases to be enrolled and actively engaged in the training, the Department of Insurance and Finance shall redetermine the claim pursuant to subsection (4) of this section unless the worker's condition is not medically stationary. *If the worker has returned to work, the insurer or self-insured employer may reevaluate and close the claim without the issuance of a determination order by the Department of Insurance and Finance.*" (Emphasis supplied.)

■ Under that statute, *payments* on a permanent disability award are suspended while the worker is involved in training. However, the statute does not provide that the determination order itself is affected when the worker enters a training program. The administrative rules that implement the statute also provide only for *suspension* of permanent disability payments while the worker is involved in a training program. OAR 436-60-040 provides:

---

[1] ORS 656.268 has since been amended, Or Laws 1990, ch 2, § 16; Or Laws 1991, ch 502, § 1, but the amendments do not apply in this case.

"(2) When training commences in accordance with OAR 436-120 after the issuance of a determination order, * * * the insurer shall *suspend any award payments due* under the order * * * and pay temporary disability benefits.

"(3) The insurer shall stop temporary disability compensation payments and *resume any suspended award payments* upon the worker's completion or the ending of the training, unless the worker is not then medically stationary. If no award payment remains due, temporary disability compensation payments shall continue pending a subsequent determination order by Evaluation. However, if the worker has returned to work, the insurer may reevaluate and close the claim without the issuance of a determination order by Evaluation." (Emphasis supplied.)

■ Employer argues that, because the statute permits it to re-evaluate a previous permanent disability award after the completion of vocational rehabilitation and close the claim without the issuance of a new determination order if the worker has returned to work, it can refuse to resume payments on the earlier award until it has redetermined the amount due. We disagree. As the Board said:

"[W]e do not agree with SAIF that, because it had the right to reevaluate and close the claim at the end of claimant's formal training program, the July 28, 1989 Determination Order, in effect, became null and void and it is only required to pay claimant the permanent disability awarded under its April 30, 1990 Notice of Closure. *The option of reevaluating and closing the claim by notice of closure is an alternative to resubmitting the claim for determination under ORS 656.268(4)*, which provides for the determination of any further compensation owed, including permanent disability. *See* ORS 656.268(5). It is not an alternative to resuming the payment of the suspended award. Thus, given the fact that the original determination had become final by operation of law, the Referee correctly found that SAIF was required to resume the suspended payments owed thereunder." (Emphasis supplied.)

■ We conclude that, when an employer chooses the alternative of re-evaluation under ORS 656.268(5), rather than submitting the claim for redetermination, it must follow normal procedures for carrier closure. ORS 656.268(3)(b). If a claimant requests reconsideration of the closure award, the

employer is obligated to resume payment of the initial award until the claimant's extent of disability is redetermined.

■ Although we agree with the Board's conclusion that employer must comply with the original determination order unless and until claimant's disability is re-evaluated, we do not agree that, in its re-evaluation, employer may not reduce the extent of disability. We find nothing in the statute or rules that provides that the re-evaluation permitted after vocational rehabilitation can only result in a claimant's receiving benefits for an equal or greater disability. In providing for re-evaluation in ORS 656.268(5), the legislature apparently recognized that the extent of a claimant's disability may change as a result of participation in a vocational rehabilitation program. In *Leedy v. Knox*, 34 Or App 911, 920, 581 P2d 530 (1978),[2] it was recognized that, although an initial determination order must be based on the claimant's condition before training, the extent of disability can be reexamined after training:

> "If a claimant is able to reduce the extent of his or her disability through participation in a rehabilitation program, provision has been made for re-evaluation and reduction of the permanent award."

Claimant relies on the language of ORS 656.268(4) for his argument that an employer may not reduce the extent of a claimant's disability in the re-evaluation. That subsection provides:

> "Within 10 working days after [DIF] receives the medical and vocational reports relating to a disabling injury, *the claim shall be examined and further compensation*, including permanent disability award, if any, *determined* under the director's supervision. If necessary [DIF] * * * may postpone the determination * * *. When the worker requests a redetermination of claim closure * * *, the division shall grant a personal interview with the worker and make such a redetermination. [DIF] shall reconsider determinations * * * whenever one of the parties makes request therefor and presents medical information regarding the claim that was not available at the time the original determination was made." (Emphasis supplied.)

---

[2] ORS 656.268(3) and ORS 656.268(4) have been amended and renumbered ORS 656.268(4) and ORS 656.283(5), respectively. Or Laws 1990, ch 2, § 16. However, the portion of the statute addressed in *Leedy* is essentially unchanged.

Claimant contends that, by its use of the word "further," the legislature meant that a claimant's disability can only be increased. However, subsection (4) is not applicable here. The claim was closed under subsections (3) and (5).

Employer was entitled to re-evaluate the extent of disability after claimant completed the program. However, employer was obligated to make payments under the 1989 determination order when claimant completed the rehabilitation program until the re-evaluation process was complete. When employer issued a notice of closure under ORS 656.268(5), it was required to follow the usual procedures for carrier closure. If a claimant does not seek review of an employer's re-evaluation, or a new determination order is issued, only then may an employer pay the adjusted compensation.[3]

■    Employer also argues that the Board erred in finding that its refusal to pay the initial award was unreasonable and in assessing a penalty and attorney fees against it for unreasonable claims processing. Employer was required to resume payment of the initial award when claimant completed the vocational rehabilitation program. The Board did not err in concluding that employer's treatment of the initial award was invalid and that its refusal to pay that amount was unreasonable.

Remanded for reconsideration of extent of permanent partial disability; otherwise affirmed.

---

[3] In a case such as this, where a claimant is entitled to a lump sum payment under the first determination order, the reevaluation may have little immediate effect. However, the statute and the rules do not differentiate between lump sum payments and monthly payments.