On petitioner's motion for clarification and reconsideration filed November 17, 1992, reconsideration allowed; opinion (115 Or App 506, 839 P2d 254 (1992)) modified and adhered to as modified June 16, 1993

In the Matter of the Compensation of
Vincent B. Sweeney, Claimant.

## SAIF CORPORATION
and Sweeney Siding,
*Petitioners,*

*v.*

Vincent B. SWEENEY,
*Respondent.*

(90-09754; CA A68897)

854 P2d 487

Charles S. Crookham, Attorney General, Virginia L. Linder, Solicitor General, and David L. Runner, Assistant Attorney General, Salem, for petitioners.

No appearance *contra.*

Before Richardson, Chief Judge, and Deits and Riggs, Judges.

DEITS, J.

## DEITS, J.

Employer seeks reconsideration and clarification of our opinion, 115 Or App 506, 839 P2d 254 (1992). We grant the motion, modify our opinion and adhere to it as modified.

In our earlier opinion, we concluded that the amount of unscheduled permanent partial disability (PPD) awarded to claimant by determination order could be reduced after claimant completed his vocational rehabilitation training program. We said:

> "We conclude that, when an employer chooses the alternative of re-evaluation under ORS 656.268(5), rather than submitting the claim for redetermination, it must follow normal procedures for carrier closure. ORS 656.268(3)(b). If a claimant requests reconsideration of the closure award, the employer is obligated to resume payment of the initial award until the claimant's extent of disability is redetermined.

> "* * * * *

> "Employer was entitled to re-evaluate the extent of disability after claimant completed the program. However, employer was obligated to make payments under the 1989 determination order when claimant completed the rehabilitation program until the re-evaluation process was complete. When employer issued a notice of closure under ORS 656.268(5), it was required to follow the usual procedures for carrier closure. If a claimant does not seek review of an employer's re-evaluation, or a new determination order is issued, only then may an employer pay the adjusted compensation." 115 Or App at 510.

Employer argues that a notice of closure is effective at the time that it is issued and that we were incorrect in holding that a notice of closure is not effective until the time to challenge it expires or until it is replaced by a determination order. We agree that our language to that effect is incorrect and that a notice of closure is effective upon its issuance. Under DIF's administrative rules, permanent disability benefits must be paid no later than the 30th day after the date of an applicable determination order or the notice of closure. OAR 436-60-150(5).

We adhere to that portion of our earlier opinion that holds that an employer may re-evaluate a permanent disability award after the completion of a vocational rehabilitation

training program. ORS 656.268(5); ORS 656.325(3). The question that remains is the effect on this case of our holding that the notice of closure is effective immediately. The initial determination order was issued on July 28, 1989. Under OAR 436-60-150(5), employer had 30 days to begin paying PPD. On July 31, 1989, claimant entered a vocational training program and, under ORS 656.268(5) and OAR 436-60-040, employer's duty to pay the PPD award was suspended. Claimant completed the training program on April 13, 1990. At that time, employer's obligation to pay the PPD award resumed. However, under OAR 436-60-150(5), employer still had 27 days to begin paying, or until May 10, 1990. On April 30, 1990, employer issued its notice of closure that reduced the PPD award from 36 to 17 percent.

We conclude that, because the notice of closure was issued before employer was obligated to begin payment under the original determination order, employer's issuance of its notice of closure effectively reduced the award and excused employer from payment under the original award. Had payment under the original determination order come due, employer would have been obligated to make the lump sum payment required by that award.

Reconsideration allowed; opinion modified and adhered to as modified.