Argued and submitted September 24, reversed in part on petition; affirmed on cross-petition December 4, 1996

In the Matter of the Compensation of
James C. Bowman, Claimant.

James C. BOWMAN,
*Petitioner - Cross-Respondent,*

*v.*

ESAM, INC.,
and SAIF Corporation,
*Respondents - Cross-Petitioners.*

(WCB No. 94-05091; CA A92110)

928 P2d 359

Robert Wollheim argued the cause for petitioner - cross-respondent. With him on the brief was Welch, Bruun, Green & Wollheim.

Michael O. Whitty argued the cause and filed the brief for respondents - cross-petitioners.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

**RIGGS, P. J.**

Claimant seeks review of an order of the Workers' Compensation Board, contending that the Board erred in reversing an award of attorney fees made by the administrative law judge (ALJ) pursuant to ORS 656.382(2). SAIF cross-petitions, contending that the Board erred in holding that it was barred from asserting its entitlement to an overpayment of temporary total disability (TTD). We reverse the Board on the petition and affirm the Board on the cross-petition.

Claimant filed a claim for a bilateral arm condition, which SAIF accepted. The 801 form erroneously listed claimant's wage rate as $8.00 per hour, when it was actually $6.50 per hour. From February 26, 1993, to August 11, 1993, SAIF paid claimant TTD at the erroneous wage rate. It then discovered the error and began paying benefits at the correct rate through April 5, 1994. SAIF notified claimant of the wage rate error on August 27, 1993. On April 18, 1994, SAIF issued a notice of closure *awarding* TTD at the erroneous rate from February 26, 1993, to August 11, 1993, and at the correct rate from August 12 through March 14, 1994. On the section of the form relating to permanent disability benefits, the notice also stated, that "deduction of overpaid benefits, if any, from unpaid permanent disability is approved." Claimant did not seek reconsideration of the notice of closure.

On the same day that it closed the claim, SAIF denied further treatment for claimant's arm condition. Claimant requested a hearing, and SAIF filed a cross-request for hearing, seeking a determination that it was entitled to a future offset of overpaid TTD benefits. The ALJ, ultimately affirmed by the Board, held that the notice of closure had become final and that SAIF is barred from litigating its entitlement to an offset against future benefits for amounts paid from February 26, 1993, through March 14, 1994.

■   We address SAIF's cross-petition first. SAIF contends that the finality of the notice of closure does not preclude it from asserting its right to an offset of an overpayment pursuant to ORS 656.268(13), because the notice of closure does not determine the existence or nonexistence of an overpayment. We disagree. The notice of closure sets forth

a claimant's award of benefits. In this case, SAIF *awarded* to claimant benefits for TTD that it had previously paid and that were based, in part, on an erroneous wage rate. The award established claimant's entitlement to those benefits, erroneous though they may have been, and when unappealed by claimant, the notice became final and not subject to challenge. *Hammon Stage Line v. Stinson*, 123 Or App 418, 423, 859 P2d 1180 (1993). The Board correctly held that SAIF is now precluded from litigating the correctness of the award. SAIF's attempt to obtain approval for an overpayment is, in effect, a challenge to the correctness of the award.

■ We reject SAIF's alternate contention that its notation on the notice of closure reserved SAIF's right to deduct from future awards any amounts that had been awarded in excess of claimant's correct wage. The notice of closure did not show that there had been an overpayment. The most that the notation reserved was the right to an offset for any future overpayment.

In her petition for review, claimant asserts that the Board erroneously relied on *Strazi v. SAIF*, 109 Or App 105, 817 P2d 1348 (1991), in support of its conclusion that "an offset for overpayment of temporary disability benefits is not a reduction in a claimant's award of compensation" and that without a finding that claimant's compensation should not have been disallowed or reduced "there is no foundation for an attorney fee award under ORS 656.382(2)." We agree with claimant that *Strazi* is distinguishable and that the Board erred. In *Strazi*, the claimant's benefits had been reduced by an order on reconsideration from an award of 70 percent to 11 percent permanent partial disability. On the claimant's request, a referee reinstated the award of 70 percent disability and denied the employer's request for an offset of any overpayment. The referee awarded the claimant an attorney fee pursuant to ORS 656.382(2) for having prevailed on the employer's request for an offset. The employer appealed the referee's order, seeking a reduction in the award and reversal of the referee's ruling on the offset. The Board upheld the 70 percent award but reversed the referee's award of attorney fees that had been based on the rejected request for an offset. The Board held that a request for an offset of an overpayment does not in and of itself place a claimant's benefits at risk of

being disallowed or reduced; therefore, it concluded, prevailing on a request for an offset is not a circumstance for which a fee may be awarded under ORS 656.382(2). *Strazi* is distinguishable on its facts.

■ In *Strazi*, if the claimant had not prevailed before the referee with regard to the request for an increase in the disability award, the employer's request for an offset would not have resulted in a reduction of the award. It would only have permitted an offset of amounts paid in excess of the award. Here, in contrast, the parties' very dispute concerns whether the award includes an overpayment for which SAIF may claim an offset. Had SAIF prevailed at the Board level or here on its contention that the award includes an overpayment, the effect would have been a reduction in claimant's award. As we have held, the matter of the amount of the award has been finally determined and is not subject to challenge. For having prevailed on employer's challenge to the award of benefits, we hold that claimant is entitled to attorney fees under ORS 656.382(2).

On petition, reversed with regard to attorney fees; referee's award of fees reinstated; affirmed on cross-petition.