Argued and submitted October 9, 1998, reversed and remanded on petition; remanded to Board for award of attorney fees on cross-petition March 31, 1999

In the Matter of the Compensation of
Robert W. Coburn, Claimant.

## SAIF CORPORATION
and G. I. Joes, Inc.,
*Petitioners - Cross-Respondents,*

*v.*

Robert W. COBURN,
*Respondent - Cross-Petitioner,*

*and*

DEPARTMENT OF CONSUMER AND
BUSINESS SERVICES,
*Respondent - Cross-Respondent.*

(WCB No. 96-10496; CA A99711)

977 P2d 412

David L. Runner argued the cause and filed the briefs for petitioners - cross-respondents.

Robert Pardington argued the cause for respondent - cross-petitioner. With him on the brief was Pozzi Wilson Atchison LLP.

No appearance for respondent - cross-respondent.

Before De Muniz, Presiding Judge, and Haselton and Linder, Judges.

LINDER, J.

## LINDER, J.

Employer seeks review of an order of the Workers' Compensation Board (Board) reversing an order of the administrative law judge (ALJ) and holding that, after claim closure and claimant's subsequent completion of an authorized training program (ATP), employer was not entitled to redetermine the extent of claimant's unscheduled permanent disability because the original award had become final. We agree with employer that the Board erred in holding that there could be no redetermination of the extent of claimant's disability. We conclude, however, that employer is not entitled to an offset of amounts previously paid. On the petition, we reverse and remand the Board's order for reinstatement of the order of the ALJ.

Claimant has filed a cross-petition, asserting that the Board erred in failing to award attorney fees to claimant for prevailing on SAIF's assertion that it is entitled to an offset. We agree with claimant that the Board should have awarded attorney fees to claimant. On the cross-petition, we remand the case to the Board for an award of attorney fees to claimant, for the reasons explained in *Bowman v. Esam, Inc.*, 145 Or App 46, 928 P2d 359 (1996).

Claimant suffered a compensable injury to his back in 1993. SAIF accepted the claim and ultimately closed it by a notice of closure in January 1995, with an award of 42 percent unscheduled permanent partial disability. Claimant did not request reconsideration of the notice of closure, and it therefore became final by operation of law 60 days after its issuance. ORS 656.268(4)(e).[1] SAIF paid the award in a lump sum.

---

[1] ORS 656.268(4)(e) provides:

"If a worker objects to the notice of closure, the worker first must request reconsideration by the department under this section. The request for reconsideration must be made within 60 days of the date of the notice of closure."

The statute has been renumbered and amended since the events in this case, but the changes do not alter the substance of the statute as it relates to this case. In this opinion, we refer to the current version of the statute.

Claimant subsequently entered an ATP and completed the program in April 1996. In June 1996, the Department of Consumer and Business Services (DCBS) reconsidered the claim pursuant to ORS 656.268(9) and reduced claimant's award of permanent disability from 42 percent to 19 percent. Subsequently, SAIF wrote a letter to claimant explaining that the payment that claimant had received on the original award would be deducted from the amount stated in the determination order and that, accordingly, no benefits were due. The letter further noted that claimant had received an "overpayment" of $10,449.01.

Claimant requested a hearing, contending that DCBS was precluded from reducing claimant's award of 42 percent permanent partial disability to 19 percent, because the original award had become final. The ALJ rejected the contention, concluding that DCBS was authorized under ORS 656.268(9) to reduce the award. The ALJ determined, however, that SAIF would not be entitled to an offset of the alleged overpayment:

> "[T]he fact that the insurer can reevaluate and reduce the earlier permanent disability award does not mean that the insurer can recoup the difference. Where, as here, the earlier award is final by operation of law, the insurer cannot offset that award against the subsequent reduction."

We assume that in seeking authorization to "recoup the difference," SAIF was seeking authorization to offset the alleged overpayment portion of the original award against any future benefits that might be awarded but was not seeking to recover from claimant the amount overpaid.

This case potentially poses three legal questions: (1) If a worker begins an ATP after a claim has been closed by notice of closure and after the award has come due and has been paid, then is the employer authorized to reevaluate and to reduce the extent of the claimant's permanent disability upon completion of the ATP? (2) If so, and if the reevaluation process results in a reduction of the original rating, then is the amount that was previously paid pursuant to the original award in excess of the award on reevaluation an "overpayment" of compensation? (3) If the amount is an overpayment, then may it be offset against future awards?

■    The Board answered the first question in the negative, holding that, once the original award has become final, it may not be reevaluated. Accordingly, the Board never reached the remaining two questions. We conclude that, pursuant to ORS 656.268(9), there *must* be a reevaluation of the worker's extent of disability upon completion of an ATP, even if the original award has become final. We further conclude, for the reasons explained here, that an amount previously paid on a final unappealed award in excess of the award on reevaluation is not an "overpayment," and accordingly, may not be offset against future awards.[2]

ORS 656.268(9) provides, in pertinent part:

"If, after the determination made or notice of closure issued pursuant to this section, the worker becomes enrolled and actively engaged in training according to rules adopted pursuant to ORS 656.340 and ORS 656.726, *any permanent disability payments due under the determination or closure shall be suspended, and the worker shall receive temporary disability compensation while the worker is enrolled and actively engaged in the training. When the worker ceases to be enrolled and actively engaged in the training, the Department of Consumer and Business Services shall redetermine the claim pursuant to this section if the worker is medically stationary or if the worker's accepted injury is no longer the major contributing cause of the worker's combined or consequential condition or conditions pursuant to ORS 656.005 (7). The redetermination shall include the amount and duration of temporary total or temporary partial disability compensation. Permanent disability compensation shall be redetermined for unscheduled disability only.* If the worker has returned to work or the worker's attending physician has released the worker to return to regular or modified employment, the insurer or self-insured employer may redetermine and close the claim under the same conditions as the issuance of a determination order by the Department of Consumer and Business Services. The redetermination or notice of closure is appealed in the same manner as are other determination orders or notices of closure under this section." (Emphasis added.)

---

[2] We note that, contrary to SAIF's suggestion, claimant does not contend that SAIF must again pay the amount awarded on reevaluation.

Subsection (9) sets the procedural requirements for claims processing in the event that the worker becomes enrolled in an ATP after claim closure. The statute prescribes that (1) at the time of enrollment *any permanent disability payments due under the determination or notice of closure shall be suspended* and (2) upon completion of or withdrawal from the program, DCBS *shall redetermine the claim if the worker is medically stationary.* The redetermination must include the amount and duration of temporary total or temporary partial disability compensation. Permanent disability compensation is to be redetermined for unscheduled disability only. Here, claimant's original award included an award for unscheduled permanent partial disability. However, at the time claimant enrolled in the ATP, no payments were due on that award, because SAIF had paid the full amount in a lump sum.

The Board apparently reasoned that, because all benefits had been paid and there would be no suspension of benefits pending claimant's participation in the ATP, there could be no reevaluation of disability on his completion of the program. That is an incorrect reading of the statute. Although the requirement for reevaluation is described in the statute following the requirement for suspension of payment of benefits, the statute does not condition the reevaluation of the claim on the existence of unpaid and suspended benefits. As we said in *SAIF v. Sweeney*, 115 Or App 506, 511, 839 P2d 254 (1992), *on recons* 121 Or App 142, 854 P2d 487 (1993):

> "In providing for reevaluation [after participation in an ATP] the legislature apparently recognized that the extent of a claimant's disability may change as a result of participation in a vocational rehabilitation program."

The reevaluation provides for the opportunity to reduce or to increase the original determination to accommodate that change. *Sweeney*, 115 Or App at 511. We conclude that ORS 656.268(9) requires redetermination in all cases upon completion of an ATP, not just those in which benefits were not yet due or remained due on the original determination order. The statute does not exclude from reevaluation cases in which the original determination order or notice of closure has become final. The Board erred in holding that, because

the original award had become final and had been paid, it could not be reevaluated pursuant to ORS 656.268(9).

■　In light of the fact that the extent of claimant's disability must be redetermined following his participation in the ATP, we consider whether a reduction in that award creates an overpayment of compensation that may be offset by employer against future awards of compensation. There is no statutory definition of "overpayment." The pertinent statutory and administrative provisions imply the obvious: that an overpayment occurs when an amount is paid in excess of the compensation to which the worker is entitled. *See Fazzolari v. United Beer Distributors*, 91 Or App 592, 595, 757 P2d 857, *on recons* 93 Or App 103, 761 P2d 6 (1988).

We conclude, as did the ALJ, that there was no overpayment here.[3] Employer does not challenge the correctness of the original award. At the time of that award, claimant was disabled to the extent described in the notice of closure, and the benefits awarded were due and payable. SAIF correctly paid claimant benefits for his disability, as it existed at that time. When the extent of claimant's disability was reevaluated after his completion of the ATP, it was determined that his earning capacity had increased and his permanent disability had diminished. That does not alter the correctness of the original award at the time SAIF made the lump sum payment. Because the award was correct when it was made, the payment of the award did not result in an overpayment. Accordingly, we conclude that there can be no offset of the amount paid in excess of the amount awarded on reevaluation.

■　As we held in *Bowman*, 145 Or App at 50, for successfully prevailing on employer's assertion before the Board that it had made an overpayment and was therefore entitled

---

[3] Because we conclude that there is no overpayment under the circumstances presented here, we do not reach the third question that this case potentially presented—*i.e.*, whether an overpayment made during an earlier period or on an earlier claim may be offset against future awards involving the same insurer. We note only that since our decisions in *Foreny v. Western States Plywood*, 66 Or App 155, 672 P2d 1376 (1983) and *Travis v. Liberty Mut. Ins.*, 79 Or App 126, 717 P2d 1269 (1986), the legislature enacted ORS 656.268(15)(a) and the Workers' Compensation Division promulgated OAR 436-060-0179(2), both of which appear to bear on the question.

to an offset, claimant is entitled to an assessed attorney fee under ORS 656.382(2).

On petition, order of Workers' Compensation Board reversed and remanded for reinstatement of order of administrative law judge; on cross-petition, remanded to Board for an award of attorney fees.