Argued and submitted August 21, reversed and remanded December 4, 2019

In the Matter of the Compensation of
Jared L. Bledsoe, Claimant.

Jared L. BLEDSOE,
*Petitioner,*

*v.*

CITY OF LINCOLN CITY,
*Respondent.*

Workers' Compensation Board
1702447, 1702259; A167971

455 P3d 587

Claimant seeks review of an order of the Workers' Compensation Board contending that the board erred in allowing employer to offset claimant's permanent partial disability award by an amount that employer asserts it overpaid claimant for temporary total disability. *Held*: The record before the board does not permit a finding that claimant received an overpayment of benefits for temporary total disability. Therefore, employer was not entitled to take an offset.

Reversed and remanded.

Paul B. Meadowbrook argued the cause and filed the briefs for petitioner.

Howard R. Nielsen argued the cause for respondent. Also on the brief was Bohy Conratt, LLP.

Before DeHoog, Presiding Judge, and Egan, Chief Judge, and Mooney, Judge.*

EGAN, C. J.

Reversed and remanded.

_____
\* Egan, C. J., *vice* Hadlock, J. pro tempore.

**EGAN, C. J.**

Claimant seeks review of an order of the Workers' Compensation Board, contending that the board erred in allowing employer City of Lincoln City to offset claimant's permanent partial disability award by the amount that employer asserts it overpaid claimant for temporary total disability. For the reasons described here, we conclude that the board erred in approving the offset of benefits, and we therefore reverse.

The facts are undisputed. Claimant, who worked for employer as a police officer, has a compensable claim for post-traumatic stress disorder resulting from a work incident in August 2014. After claim acceptance, employer issued a notice of closure on March 9, 2016, setting forth a medically stationary date of November 12, 2014, and a period of temporary total disability ending on November 12, 2014. Claimant sought reconsideration, checking a box on the reconsideration request form asserting that the claim had been closed prematurely. Claimant did not check a box on the form disputing the duration of temporary disability.

On reconsideration, the Appellate Review Unit (ARU) agreed with claimant that closure had been premature and set aside the notice of closure. Employer resumed payment of temporary total disability benefits. *See* OAR 436-060-0020(8) ("If a closure * * * has been found to be premature and there was an open ended authorization of temporary disability at the time of closure, the insurer must begin payments under ORS 656.262, including retroactive periods, and pay temporary disability for as long as authorization exists or until there are other lawful bases to terminate temporary disability.").

On September 9, 2016, employer issued a second notice of closure, setting forth a medically stationary date of August 1, 2015, and a period of temporary total disability through July 17, 2015. Claimant again sought reconsideration, again asserting that the claim had been prematurely closed; and again, claimant did not check the box challenging the duration of temporary disability. On November 8, 2016, the ARU agreed with claimant once again that the claim had been prematurely closed and set aside the notice

of closure. Employer resumed payment of temporary total disability benefits.

On February 27, 2017, employer issued a third notice of closure. Once again, the notice stated that claimant had become medically stationary on August 1, 2015, and that claimant's period of temporary disability ran through July 17, 2015. Claimant sought reconsideration, again asserting that the claim had been closed prematurely. Claimant also asserted that he was not yet medically stationary. Claimant did not check the box on the reconsideration request form challenging the duration of temporary disability. The ARU, in its reconsideration order, extended claimant's medically stationary date to February 17, 2017, but determined that the claim had not been closed prematurely. The ARU did not explicitly address the duration of temporary total disability.

Employer requested a hearing, challenging the February 17, 2017, medically stationary date and seeking approval for an offset of claimant's permanent disability award by the amount that employer asserted had been overpaid for temporary total disability because of payments made after July 17, 2015.[1] *See* ORS 656.268(14)(a) (providing that "[a]n insurer or self-insured employer may offset any compensation payable to the worker to recover an overpayment from a claim with the same insurer or self-insured employer").

The administrative law judge (ALJ) upheld the February 17, 2017, medically stationary date. The ALJ also rejected employer's request for an offset, reasoning that,

> "as a result of my decision affirming the medically stationary date, * * * claimant is entitled to the temporary disability benefits that were paid by the employer. Therefore, I decline to authorize an offset."

Employer appealed the ALJ's order. The board upheld the medically stationary date of February 17, 2017, but allowed employer's offset, the effect of which was to reduce

---

[1] In a letter of March 2, 2017, employer advised claimant of an overpayment of $59,931.42 based on the payment of benefits after July 17, 2015, that it sought to deduct from claimant's permanent partial disability award of $62,241.52.

claimant's permanent disability award from $62,241.52 to $2,310.10. The board noted that, under ORS 656.268(9), an issue not raised on reconsideration will not be considered at hearing, unless the issue arises out of the reconsideration order.[2] The board rejected claimant's contention that the ARU's determination that the medically stationary date was February 17, 2017, necessarily raised the issue and extended claimant's temporary total disability benefits to February 17, 2017. The board explained that a medically stationary date does not necessarily coincide with an entitlement to temporary disability benefits, and concluded that, "under the particular circumstances," claimant's "entitlement to substantive temporary disability benefits did not flow from the 'medically stationary' date, but instead from claimant's uncontested temporary total disability award[.]" The board determined that, because claimant had not, before the ARU, disputed the period of temporary disability stated in the February 27, 2017, notice of closure, claimant could not dispute employer's request for an offset based on benefits paid after July 17, 2017. The board allowed the offset and held that the ALJ had erred in "modifying claimant's temporary disability award."

On judicial review, claimant challenges the board's allowance of an offset. Although he acknowledges that he did not specifically raise the issue of temporary disability before the ARU, he continues to assert that the issue of the medically stationary date, which he did raise, implicitly encompassed the issue of temporary disability. He also asserts that, in light of the ARU's extension of the medically stationary date, temporary disability was an issue "arising out of the reconsideration order," ORS 656.268(9), that may be considered at hearing. Additionally, he contends that there was no overpayment of benefits.

In seeking to uphold the board's order, employer pursues the same analysis as the board, asserting that claimant cannot assert a defense to the claim for an offset

---

[2] ORS 656.268(9) provides:

"No hearing shall be held on any issue that was not raised and preserved before the director at reconsideration. However, issues arising out of the reconsideration order may be addressed and resolved at hearing."

because claimant did not bring up the issue of the duration of temporary total disability before the ARU and, further, that the issue of the duration of temporary total disability did not arise out of the reconsideration order, because the medically stationary date does not necessarily coincide with an entitlement to temporary total disability.

A worker becomes medically stationary when "no further material improvement would reasonably be expected from medical treatment, or the passage of time." ORS 656.005(17). A worker's entitlement to benefits for temporary disability often coincides with the worker's medically stationary date. *See, e.g.*, *Scott v. Liberty Northwest Ins. Corp.*, 268 Or App 325, 331, 341 P3d 220 (2014) (an insurer's obligation to pay temporary disability benefits on an accepted claim is triggered under ORS 656.262(4) when the claimant's physician has authorized the claimant to be off work, and the obligation continues until the employer or insurer determines that the claimant's condition is medically stationary and closes the claim, or until a termination of benefits is otherwise authorized under ORS 656.268(4)); ORS 656.278(1)(b) (authorizing payment of temporary disability in a new or omitted medical condition claim under the board's own motion, until the worker becomes medically stationary); *Logsdon v. SAIF*, 181 Or App 317, 322-23, 45 P3d 990 (2002), *aff'd*, *Trujillo v. Pacific Safety Supply*, 336 Or 349, 84 P3d 119 (2004) (the determination of the medically stationary date cuts off entitlement to temporary disability benefits).

But we agree with the board and employer that a worker's entitlement to benefits for temporary disability does not always coincide with the medically stationary date. Under ORS 656.268(4) benefits for temporary total disability may end before a worker has become medically stationary. Benefits are required to continue until (1) the worker returns to regular or modified employment; (2) the physician who has authorized temporary disability benefits advises the worker that the worker is released to return to regular employment; or (3) any other event that causes temporary disability benefits to be lawfully suspended, withheld or terminated. *See also* OAR 436-060-0020 (describing other circumstances in which no temporary disability benefits

are due). Thus, employer is correct that there are many reasons why benefits for temporary disability may end or be suspended before a worker has become medically stationary, although the record does not show that any of those circumstances is applicable here. We therefore agree with employer that the issue of entitlement to temporary disability did not arise out of the ARU's reconsideration order extending the medically stationary date. We also agree with employer that, because claimant did not raise the issue of temporary total disability before the ARU, he could not have asserted entitlement to an *additional* award of temporary total disability or challenged the duration of the period of temporary disability stated in the notice of closure. The board determined that claimant could not seek additional benefits, and we would agree with that determination.

But claimant here did not seek additional benefits; claimant sought only to defend against employer's request for an offset. That is a different inquiry. An employer is entitled to offset for an overpayment of compensation. ORS 656.268(14)(a) (providing that "[a]n insurer or self-insured employer may offset any compensation payable to the worker to recover an overpayment from a claim with the same insurer or self-insured employer"). It was employer's position that it was entitled to an offset, and it was therefore employer's burden to establish an overpayment that would entitle it to an offset. *See Metro Machinery Rigging v. Tallent*, 94 Or App 245, 248, 764 P2d 974 (1988) (describing insurer's burden to prove particular amount of an overpayment).

An overpayment occurs when benefits are paid in excess of those to which the worker is entitled. *SAIF v. Coburn*, 159 Or App 413, 419, 977 P2d 412, *rev den*, 329 Or 527 (1999) (citing *Fazzolari v. United Beer Distributors*, 91 Or App 592, 595, 757 P2d 857, *adh'd to on recons*, 93 Or App 103, 761 P2d 6 (1988) ("An employer is entitled to an offset of benefits that have been paid only if the evidence shows that the claimant was not entitled to the benefits.")); *Strazi v. SAIF*, 109 Or App 105, 108, 817 P2d 1348 (1991) (an offset for an overpayment against future compensation is not a reduction in a claimant's award of compensation; an employer is only permitted to recover, through reduced payments, the amount that the claimant was not entitled to receive); *Metro*

*Machinery Rigging*, 94 Or App at 248 (describing employer's burden to establish amount of overpayment).

Thus, employer's entitlement to an offset depends on whether there was an overpayment, which, in turn, depends on whether payments were in excess of those to which claimant was entitled. Benefits for temporary total disability described in ORS 656.210 are due during a period of temporary total disability when the worker's physician has authorized time loss. ORS 656.262(4)(a). There is no contention here that, during the period for which claimant received benefits for temporary total disability, claimant was not totally disabled or that benefits were not authorized. As noted, under ORS 656.268(4), benefits for temporary disability "shall continue" until (1) the worker returns to regular or modified employment; (2) the physician who has authorized temporary disability benefits advises the worker that the worker is released to return to regular employment; or (3) any other event that causes temporary disability benefits to be lawfully suspended, withheld or terminated. There is no evidence in the record from which the board could find that there was a reason why benefits should have been terminated before claimant became medically stationary on February 17, 2017.[3] We conclude for those reasons that there has not been an overpayment of benefits and that the board erred in authorizing employer to take an offset.

Reversed and remanded.

---

[3] In *Lebanon Plywood v. Seiber*, 113 Or App 651, 653-54, 833 P2d 1367 (1992), we said that a claimant's substantive entitlement to temporary disability exists "from the onset of disability until the condition is medically stationary. *** Substantively, the worker's entitlement to temporary benefits ends on the medically stationary date." We have since clarified that a "substantive entitlement" to benefits for temporary total disability is one that is made explicit and unconditional by statute. *Atchley v. GTE Metal Erectors*, 149 Or App 581, 585, 945 P2d 557, *rev den*, 326 Or 133 (1997).