Argued and submitted April 1, remanded June 22, petitioner's petition for
reconsideration allowed by opinion September 14, 1988
See 93 Or App 103 (1988)

In the Matter of the Compensation of
Tony Fazzolari, Claimant.

FAZZOLARI,
*Petitioner,*

*v.*

UNITED BEER DISTRIBUTORS et al,
*Respondents.*

(WCB 85-16090; CA A45497)

757 P2d 857

Robert L. Burns, Gresham, argued the cause and filed the brief for petitioner.

Randy G. Rice, Portland, argued the cause and filed the brief for respondents.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

In this workers' compensation case, claimant's attending physician released him to work without restriction on March 22, 1985; at the same time he noted that claimant was not medically stationary. Claimant did not actually return to work until after August 12, 1985, because he did not believe that he could work before then.

On August 23, 1985, claimant's physician reported that he was medically stationary. The Evaluation Division issued a determination order on October 30, 1985, granting time loss through March 22, 1985. EBI had already paid time loss through September 2, 1985, and sought a determination that it was entitled to an offset of the payments against future benefits. The Board allowed an offset for all benefits paid after March 22, 1985, when claimant was released for work, and claimant seeks review.

At the pertinent time, ORS 656.268 provided:

"(1)  One purpose of this chapter is to restore the injured worker as soon as possible and as near as possible to a condition of self support and maintenance as an able-bodied worker. *Claims shall not be closed nor temporary disability compensation terminated if the worker's condition has not become medically stationary* or if the worker is enrolled and actively engaged in training according to rules adopted pursuant to ORS 656.340 and 656.726, provided however, that temporary disability compensation shall be proportionately reduced by any sums earned during the training.

"(2)  When the injured worker's condition resulting from a disabling injury has become medically stationary, unless the injured worker is enrolled and actively engaged in training, the insurer or self-insured employer shall so notify the Evaluation Division, the worker, and the employer, if any, and request the claim be examined and further compensation, if any, be determined. A copy of all medical reports and reports of vocational rehabilitation agencies or counselors shall be furnished to the Evaluation Division and to the worker and to the employer, if requested by the worker or employer. *If the attending physician has not approved the worker's return to the worker's regular employment, the insurer or self-insured employer must continue to make temporary total disability payments until termination of such payments is authorized* following examination of the medical reports submitted to the

Evaluation Division under this section. If the attending physician has approved the worker's return to the worker's regular employment and there is a labor dispute in progress at the place of employment, the worker may refuse to return to that employment without loss of any vocational assistance provided by this chapter." (Emphasis supplied.)

As we stated in *Vip's Restaurant v. Krause,* 89 Or App 214, 748 P2d 164 (1988), ORS 656.268 deals only with the processing of claims. The Board, in adopting the referee's order authorizing the offset, reasoned:

"The statute permits a workers' compensation carrier to terminate temporary disability benefits when a claimant's attending physician approves his return to regular work * * *."

The statute does not permit unilateral termination of temporary total disability benefits, unless the claimant is *both* medically stationary and released for work. Here, employer continued to pay temporary total disability benefits after claimant was released for work on March 22, 1985, and after he was determined to be medically stationary on August 23, 1985. There is no question but that employer is entitled to offset the benefits which it paid after claimant was *both* released to work and medically stationary. The question is whether it may also offset what it paid after claimant had been released for work but before he became medically stationary.

Had claimant returned to work when released on March 22, 1985, employer would have been entitled to deduct his wages from the temporary benefits that it was required to pay. OAR 436-60-030. Because claimant did not return to work, he had no wages to be deducted from his benefits, and employer paid them in full as it was required to do.

Temporary total disability benefits are awarded to replace wages lost by reason of a temporary disability. ORS 656.210; *Cutright v. Weyerhaeuser Co.,* 299 Or 290, 295, 702 P2d 403 (1985). An employer is entitled to an offset of benefits that have been paid only if the evidence shows that the claimant was not entitled to the benefits. Although a worker has been released for work, the factfinder may determine that he was still unable to work. The release does not conclusively establish that the claimant is able to work, although it is evidence to that effect. Here, however, the Board allowed the offset solely because claimant had been released for work and

paid no attention to whether he was actually disabled during that period. We remand to the Board to determine whether claimant was able to work after the time when he was released to work by the attending physician and before he was medically stationary. If he was, employer is entitled to an appropriate offset.

Remanded for proceedings not inconsistent with this opinion.