On petition for review filed June 29,* petition for review denied December 20, 1988

In the Matter of the Compensation of
Tony Fazzolari, Claimant.
FAZZOLARI,
*Respondent on Review,*

*v.*

UNITED BEER DISTRIBUTORS et al,
*Petitioners on Review.*
(WCB 85-16090; CA A45497; SC S35329)
765 P2d 810

Randy G. Rice, Beers, Zimmerman & Rice, Portland, for petitioners on review.

Robert L. Burns, Gresham, for respondent on review.

Jerald P. Keene, Roberts, Reinisch & Klor, P.C., Portland, for *amici curiae* Associated Oregon Industries, Association of Workers' Compensation Defense Attorneys and Oregon Self-Insurer's Association.

Linde, J., dissented and filed an opinion in which Gillette, J., joined.

* Judicial review of order of Workers' Compensation Board. 91 Or App 592, 757 P2d 857 (1988).

**LINDE, J.,** dissenting.

The Workers' Compensation Law provides that an injured worker's claim "shall not be closed nor temporary disability compensation terminated if the worker's condition has not become medically stationary * * *." ORS 656.268(1). That section (in the form applicable here) continues:

"(2) When the injured worker's condition resulting from a disabling injury has become medically stationary, * * * the insurer or self-insured employer shall so notify the Evaluation Division, the worker, and the employer, if any, and request the claim be examined and further compensation be determined. * * * If the attending physician has not approved the worker's return to the worker's regular employment, the insurer or self-insured employer must continue to make temporary total disability payments until termination of such payments is authorized following examination of the medical reports submitted to the Evaluation Division under this section. * * *"

The Court of Appeals wrote in this case:

"The statute does not permit unilateral termination of temporary total disability benefits, unless the claimant is *both* medically stationary and released for work. Here, employer continued to pay temporary total disability benefits after claimant was released for work on March 22, 1985, and after he was determined to be medically stationary on August 23, 1985. There is no question but that employer is entitled to offset the benefits which it paid after claimant was *both* released to work and medically stationary. The question is whether it may also offset what it paid after claimant had been released for work but before he became medically stationary." (Emphasis in original.)

*Fazzolari v. United Beer Distributors,* 91 Or App 592, 595, 757 P2d 857 (1988). The Workers' Compensation Board, however, allowed the employer and insurer an offset against future payments for sums that the insurer had paid for time loss after claimant's attending physician released him for unrestricted work, even though claimant's condition had not become medically stationary. The Court of Appeals, instead of applying its statement that the statute requires *both* that the claimant's condition be medically stationary and that he be released for work, remanded the case to the Board to determine whether the claimant had been "actually disabled." If there is an explanation why this "actually disabled" standard replaced the

statutory "medically stationary" standard that the quoted passage of the court's opinion states to be indispensable, I do not see it in the opinion.

I would allow the petition for review to examine the analysis of the Court of Appeals.

Gillette, J., joins in this dissenting opinion.