Argued and submitted November 13, 1991, order reversed in part; otherwise affirmed July 1, 1992

In the Matter of the Compensation of
John T. Seiber, Claimant.

LEBANON PLYWOOD,
*Petitioner,*

*v.*

John T. SEIBER,
*Respondent.*

(WCB 89-14515; CA A68942)

833 P2d 1367

Jerald P. Keene, Portland, argued the cause for petitioner. With him on the brief was Roberts, Reinisch, MacKenzie, Healey & Wilson, P.C., Portland.

Brad G. Garber, Salem, argued the cause for respondent. With him on the brief was Michael B. Dye, Salem.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Employer seeks review of orders of the Workers' Compensation Board that required it to pay temporary disability payments to claimant to which he was not substantively entitled. We reverse.

Since 1985, claimant had had a compensable carpel tunnel condition that was essentially non-disabling. In April, 1988, employer laid him off because of a work shortage. During the lay off, his carpel tunnel condition became disabling, and employer accepted his aggravation claim. Claimant's treating physician determined that he was unable to work after May 26, 1988, and that he became medically stationary on November 23, 1988. The claim was closed by a determination order on June 2, 1989, with an award of permanent partial disability.

Employer had not paid temporary disability benefits; it concluded that claimant was not entitled to them, because he was laid off from work and was receiving unemployment benefits. The Board held that claimant was entitled to temporary benefits from May 26, 1988, until November 23, 1988. Employer does not contest that holding. However, the Board ruled that, had employer begun paying the benefits when due on May 26, it would have been required to continue payments until the claim was closed by the determination order. It ordered employer to pay temporary benefits for the period from May 26, 1988, through June 2, 1989, the date of the determination order. The Board recognized that there would be an overpayment of amounts actually due and authorized employer to offset the overpayment against any future permanent disability awards.[1]

■ The Board characterized the payments as "procedural" overpayments. A compensably injured worker is substantively entitled to temporary disability benefits from the onset of disability until the condition is medically stationary. An employer may not unilaterally terminate temporary disability benefits and must continue paying them until the worker is medically stationary and released for return to regular work, or until the worker is medically stationary and

---

[1] The Board declined to allow employer to offset the overpayment against the permanent partial disability award made by the determination order.

the claim has been closed by a determination order. *Fazzolari v. United Beer Dist.*, 91 Or App 592, 757 P2d 857, *adhered to* 93 Or App 103, 761 P2d 6, *rev den* 307 Or 236, 765 P2d 810 (1988). When an employer is notified that the injured worker is medically stationary, it will, in most instances, submit the claimant's file to the Department of Insurance and Finance for a determination order, which will designate the medically stationary date and make the appropriate permanent disability award. ORS 656.268(4).[2] Substantively, the worker's entitlement to temporary benefits ends on the medically stationary date. Because of delays in processing, the actual payment of temporary benefits continues until the determination order is issued. That delay results in an overpayment of temporary benefits that the employer is entitled to recoup by deduction from any permanent disability compensation awarded. ORS 656.268(10).

■ Here, claimant was not released to return to work, and his claim was closed by a determination order. He had not received any temporary disability benefits and the processing delay did not result in a procedural overpayment. Payment of temporary disability benefits beyond the medically stationary date is a consequence of the administrative process of claim closure and is not an entitlement. If processing delay does not result in an overpayment, the Board has no authority to impose one.

The Board's rationale for the award was that the lack of a procedural overpayment was due to employer's claim processing decision. It concluded that employer should not reap any advantages from that decision, which it held was incorrect. If an employer unreasonably delays or refuses to pay temporary disability benefits, it is subject to penalties, which is the appropriate way to induce compliance.[3]

Order requiring employer to pay temporary disability benefits from November 24, 1988, to June 2, 1989, reversed; otherwise affirmed.

---

[2] This case was litigated under the law in effect before the effective dates of amendments by the 1990 Special Session of the legislature.

[3] The Board declined to impose penalties, because employer's decision not to pay temporary disability benefits was based on a reasonable and legitimate doubt about claimant's entitlement.