Argued and submitted April 17, affirmed November 18, 1992

In the Matter of the Compensation of
Robert W. McDonald, Claimant.
## ROSEBURG FOREST PRODUCTS,
*Petitioner,*

*v.*

Robert W. McDONALD,
*Respondent.*

(90-01111; CA A69668)

841 P2d 697

Adam T. Stamper, Medford, argued the cause for petitioner. With him on the brief was Cowling & Heysell, Medford.

Karsten H. Rasmussen, Eugene, argued the cause for respondent. On the brief were Allison Tyler and Rasmussen & Henry, Eugene.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DEITS, J.

## DEITS, J.

Employer seeks review of an order by the Workers' Compensation Board awarding claimant penalties and attorney fees for employer's failure to pay time loss benefits pursuant to a determination order. We affirm.

A referee overturned employer's denial of claimant's aggravation claim and remanded the claim to employer for "acceptance, processing and payment of benefits under Oregon Workers' Compensation Law." Employer did not appeal the referee's order, but issued a letter acknowledging that the claim was reopened and denying time loss benefits on the ground that claimant had withdrawn from the work force. Claimant sought a hearing on employer's refusal to pay time loss. Meanwhile, employer sought claim closure, and a determination order was issued, awarding claimant 40 percent PPD and ordering employer to pay time loss for the period that employer had refused to pay, February 15 through May 1, 1989. After that order, employer again refused to pay time loss, and both parties requested a hearing. The referee held that, although claimant was not substantively entitled to time loss benefits for the period in question, because he had withdrawn from the work force, employer, nevertheless, was required to pay pending appeal of the order. Employer appealed to the Board.[1]

Before the Board issued its decision on appeal of the referee's order, claimant requested a second hearing on employer's failure to pay the time loss ordered by the first referee. The second referee concluded that claimant was entitled to penalties and attorney fees:

> "The filing by the employer of a request for Board review does not stay the mandate of a Referee's Order concerning payment of time loss compensation. ORS 656.313(1); (4). I disagree with the employer's characterization of the Determination Order and the Referee's Order as entered 'without jurisdiction.' Both were within the jurisdiction of the respective adjudicators to enter. Either may be erroneous, but neither is *void* as a result, merely reversible. The employer

---

[1] The Board eventually upheld the referee's order, concluding that claimant was procedurally entitled to be paid time loss. That order is not an issue in this review.

was obligated to obey the Referee['s] Order. * * * [A]n attorney fee may be assessed where an employer 'refuses to pay compensation due under an Order of a referee.' "

The Board upheld the second referee's July, 1990, order. Employer seeks review of that decision.

ORS 656.262(10)(a)[2] provides, in part:

"If the insurer or self-insured employer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the insurer or self-insured employer shall be liable for an additional amount up to 25 percent of the amounts then due plus any attorney fees which may be assessed under ORS 656.382."

ORS 656.382(1) provides:[3]

"If an insurer or self-insured employer refuses to pay compensation due under an order of a referee, board or court, or otherwise unreasonably resists the payment of compensation, the employer or insurer shall pay to the claimant or the attorney of the claimant a reasonable attorney fee as provided in subsection (2) of this section. To the extent an employer has caused the insurer to be charged such fees, such employer may be charged with those fees."

ORS 656.313(1)[4] provides:

"Filing by an employer or the insurer of a request for review or court appeal shall not stay payment of compensation to a claimant."

■      Employer argues that, even though claimant was found to be procedurally entitled to time loss, the award of time loss cannot be "compensation" for the purposes of ORS 656.313 and there can be no assessment of penalties under ORS 656.262 and of attorney fees under ORS 656.382 for failure to pay, because he did not have a *substantive* right to compensation. Employer relies on *Georgia-Pacific v. Hughes*, 305 Or 286, 751 P2d 775 (1988), and *Hunter v. Teledyne Wah Chang*, 91 Or App 374, 755 P2d 146, *rev'd on other grounds*

---

[2] The statute has since been amended. Or Laws 1990, ch 2, § 15. *See Oliver v. Norstar, Inc.*, 116 Or App 333, 840 P2d 1382 (1992).

[3] The statute has since been amended. Or Laws 1990, ch 2, § 28. *See Oliver v. Norstar, Inc., supra.*

[4] The statute has since been amended. Or Laws 1990, ch 2, § 23.

306 Or 659, 761 P2d 926 (1988), which hold that, because it was ultimately determined that the claimants were not entitled to compensation, the employers could not be penalized for failing to pay that compensation. Those cases are distinguishable, because they involved the question of whether interim temporary disability payments are required pending an employer's acceptance or denial of a claim. *See also Randall v. Liberty Northwest Ins. Corp.*, 107 Or App 599, 813 P2d 1120 (1991).

This case concerns whether an employer must make time loss payments required under a determination order pending an appeal of that order. In *Georgia-Pacific v. Piwowar*, 305 Or 494, 753 P2d 948 (1988), the court held that, regardless of whether a claim is ultimately found to be compensable, if a claimant is awarded compensation by a determination order, payment "must continue until a referee or appellate body orders otherwise." 305 Or at 504.

■ Employer also argues that the Board erred in assessing a penalty and attorney fees, because the determination order on which the penalties were based was void. However, even if the earlier determination order was erroneous, as noted in the Board's explanation of its decision, it was not void. The Board did not err in imposing a penalty and attorney fees.

Affirmed.