Argued and submitted March 18, affirmed on petition and on cross-petition
August 3, 1994

In the Matter of the Compensation of
John R. Heath, Claimant.

ANODIZING, INC.,
and Liberty Northwest Insurance Corporation,
*Petitioners - Cross-Respondents,*

*v.*

John R. HEATH,
*Respondent - Cross-Petitioner.*

(91-14829, 91-02296; CA A79602)

879 P2d 218

James D. McVittie argued the cause and filed the brief for petitioners - cross-respondents.

Marianne Bottini argued the cause and filed the brief for respondent - cross-petitioner.

Before Richardson, Chief Judge, and Edmonds and Landau, Judges.

LANDAU, J.

## LANDAU, J.

Employer petitions for review of an order of the Workers' Compensation Board that awarded claimant temporary disability benefits. Claimant cross-petitions the determination that his claim was properly closed. We affirm the cross-petition without discussion and write only to address the petition.

Claimant's claim for lumbar strain was closed by determination order on January 3, 1991. Claimant requested reconsideration of the determination order, arguing that the claim was prematurely closed. The Department of Insurance and Finance (DIF)[1] issued its order on reconsideration on May 17, 1991, in which it held that the claim was prematurely closed and rescinded the January determination order. Employer sought a hearing on the order on reconsideration. It did not pay claimant temporary disability benefits during the pendency of the appeal. The referee, and then the Board, held that the claim had not been closed prematurely, set aside the May order on reconsideration and reinstated the January determination order. The Board awarded claimant temporary disability benefits from May 17, 1991, through December 2, 1991, the date of the referee's order. In awarding temporary benefits pending the decision on its request for hearing, the Board relied on ORS 656.313, which provides, in part:

"(1)(a)  Filing by an employer or the insurer of a request for hearing on a reconsideration order * * * stays payment of the compensation appealed, *except for*:

"(A)  Temporary disability benefits that accrue from the date of the order appealed from until closure under ORS 656.268, or until the *order appealed from is itself reversed*, whichever event first occurs * * *." (Emphasis supplied.)

The issue on review is whether the Board correctly applied ORS 656.313(1)(a)(A) in awarding claimant temporary disability benefits from the date of the order on reconsideration through the date that order was set aside. Employer argues that, although ORS 656.313(1)(a)(A) provides that it should have paid benefits during the pendency of its request for hearing, the statute does not authorize the

---

[1] The Department of Insurance and Finance has been renamed the Department of Consumer and Business Services.

Board to order employer to make those payments in this case, because the Board ultimately determined that claimant was medically stationary when the original determination order issued, with the result that claimant was not entitled to any benefits that would have been paid during that time. Employer relies on *Lebanon Plywood v. Seiber*, 113 Or App 651, 833 P2d 1367 (1992). Claimant argues that ORS 656.313(1)(a)(A) plainly requires employer to continue to make payments during the pendency of its appeal, and the Board is authorized to order employer to make those payments, even when it rules in employer's favor on the merits of the appeal. In support of his argument, claimant relies on *Roseburg Forest Products v. McDonald*, 116 Or App 448, 841 P2d 697 (1992).

In *Lebanon Plywood v. Seiber, supra,* the employer accepted the claimant's aggravation claim. The claimant later became medically stationary and, after approximately six months of what were characterized as "processing delays," the claimant's claim was closed by a determination order with an award of permanent partial disability. The employer had not paid any temporary disability benefits through the date of the determination order. The claimant sought a hearing and, ultimately, obtained a decision from the Board awarding him temporary disability benefits through the date of the determination order. We held that the Board did not have the authority to order temporary benefits beyond the date the claimant became medically stationary:

> "When an employer is notified that the injured worker is medically stationary, it will, in most instances, submit the claimant's file to the Department of Insurance and Finance for a determination order, which will designate the medically stationary date and make the appropriate permanent disability award. ORS 656.268(4). Substantively, the worker's entitlement to temporary benefits ends on the medically stationary date. Because of delays in processing, the actual payment of temporary benefits continues until the determination order is issued. That delay results in an overpayment of temporary benefits that the employer is entitled to recoup by deduction from any permanent disability compensation awarded. ORS 656.268(10).

> "Here, claimant was not released to return to work, and his claim was closed by a determination order. He had not

received any temporary disability benefits and the processing delay did not result in a procedural overpayment. Payment of temporary disability benefits beyond the medically station- ary date is a consequence of the administrative process of claim closure and is not an entitlement. If processing delay does not result in an overpayment, the Board has no author- ity to impose one." 113 Or App at 654. (Footnote omitted.)

In *Roseburg Forest Products v. McDonald, supra,* the claimant's claim was closed by a determination order that included an award of temporary disability benefits. The employer appealed the order, arguing that the claimant was not entitled to temporary disability benefits, because he had withdrawn from the work force. During the pendency of the appeal, the employer paid no temporary disability benefits. The referee agreed with the employer that the claimant was not "substantively" entitled to the time-loss benefits, because he had left the work force, and the Board ultimately upheld the referee. Meanwhile, the claimant requested a hearing on the employer's failure to pay the temporary dis- ability benefits during the appeal of the determination order. The Board awarded penalties and fees for failure to pay benefits ordered by the determination order, on the basis of an earlier version of ORS 656.313(1), which provided that an employer's appeal does not stay the payment of compensation to a claimant. We affirmed the Board's award of penalties and fees, holding that the statute required employer to pay the temporary disability benefits during the pendency of the appeal, regardless of the outcome of that appeal.

The distinction between the two cases is this: In *Lebanon Plywood,* there was no employer appeal, and the claimant was statutorily entitled to payment of temporary disability benefits only through the medically stationary date. Although the statute did not allow the employer to terminate the payments until the issuance of a determination order, any compensation that the claimant received after the medically stationary date constituted an overpayment, and the employer was entitled to recoup those payments from the claimant out of future awards of compensation. We held that the Board did not have the authority to, in essence, order the employer to make an overpayment of benefits. In *McDonald,* the employer did appeal, and the claimant was statutorily entitled to payment of temporary benefits through the appeal

period. We held that the appeal statute is unconditional, and that the employer must continue paying benefits during an appeal until ordered otherwise. Payment of compensation under the appeal statute did not result in an overpayment. The statute entitled the claimant to benefits throughout the entire appeal period, regardless of the outcome of the appeal. Thus, the Board was not ordering the employer to make an overpayment of benefits, as was the case in *Lebanon Plywood.*

This case is like *McDonald* and unlike *Lebanon Plywood.* Employer appealed the order on reconsideration, which required the payment of temporary disability benefits. ORS 656.313(1)(a)(A) requires employer to continue to pay those benefits during the pendency of the appeal. As in *McDonald,* claimant in this case is entitled to those benefits during the appeal process, regardless of the outcome of the appeal. No overpayment of benefits results, as in *Lebanon Plywood.* Had employer paid the benefits during the appeal, it would not be entitled to recoup any of those benefits upon obtaining a reversal of the order on reconsideration. The Board, therefore, did not err in awarding temporary disability benefits from the date of the order on reconsideration through the date the order eventually was set aside.

Affirmed on petition and on cross-petition.