Argued and submitted February 6, affirmed on petition; reversed on cross-petition
November 27, 1996

In the Matter of the Compensation of
Eliecer Vega, Claimant.

Eliecer VEGA,
*Petitioner - Cross-Respondent,*

*v.*

EXPRESS SERVICES
and AIAC,
*Respondents - Cross-Petitioners.*

(WCB No. 93-08731; CA A86290)

927 P2d 1106

Donald M. Hooton argued the cause for petitioner - cross-respondent. With him on the briefs was L. Scott Lumsden.

Jerald P. Keene argued the cause for respondents - cross-petitioners. On the brief were Craig A. Staples and Roberts, Reinisch, MacKenzie, Healey & Wilson, P.C.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

**DEITS, P. J.**

Claimant seeks review of a Workers' Compensation Board order holding that employer, American International Adjustment Company, was not required to comply with that portion of a reconsideration order that required employer to pay $6,405 in permanent partial disability (PPD) compensation. ORS 656.298. Employer cross-petitions the Board's assessment of penalties for failure to pay the entire $6,405 award. ORS 656.298. We affirm on the petition and reverse on the cross-petition.

Claimant injured his right knee and employer accepted a claim for the injury in 1991. In November 1992, a notice of closure was issued and claimant was awarded seven percent PPD of the right leg, which amounted to $3,202.50. Employer paid that amount to claimant. In May 1993, claimant requested reconsideration and appointment of a medical arbiter. On July 21, 1993, after receiving the medical arbiter's report, the department issued an order on reconsideration providing that:

"THE TOTAL SCHEDULED AWARD TO DATE FOR THE FOLLOWING BODY PART(S) IS:

"14 PERCENT EQUAL TO 21 DEGREES FOR RIGHT LEG (KNEE)

"* * * * *

"THE INSURER IS ORDERED TO PAY THE WORKER AN AWARD OF $6,405.00. THIS IS IN ADDITION TO ANY PREVIOUS AWARDS."

On July 26th, claimant filed a request for a hearing with the Hearings Division on the reconsideration order. On that same date, the department was contacted by employer and asked to clarify the order on reconsideration. Employer paid an additional $3,202.50 pursuant to the July 21 order, but pointed out to the department that while the order increased the award by seven percent, which would entitle claimant to an additional $3,202.50, the order provided that employer was to pay claimant an additional $6,405. That would give claimant a total award of $9,607.50. Employer

was told by department staff that the order would be corrected. On August 4, 1993, the department issued an amended order clarifying the order as requested by employer.

After the hearing, on January 14, 1994, the administrative law judge (ALJ) issued an order that set aside the department's August 4 amended order on the ground that, under the applicable administrative rule, OAR 456-30-008(1), the department lacked authority to correct the order after a request for a hearing on the reconsideration order was received by the department. The ALJ also concluded, however, that claimant was substantively entitled only to a total award of 14 percent, and therefore, held that the order on reconsideration should be corrected to award only an additional $3,202.50. In addition, the ALJ imposed a 25 percent penalty against employer under ORS 656.262(10)[1] on the ground that employer had unreasonably failed to pay the amount ordered in the July 21 reconsideration order. Both claimant and employer requested Board review of the ALJ's order. The Board affirmed the order from which claimant and employer now seek review.

■   Claimant argues that the Board erred in concluding that employer was not obligated to pay claimant an additional $6,405, the amount ordered by the department in its July 21 order. He asserts that if employer disagreed with the order, it was required to file a timely request for a hearing on the order or seek abatement of the order rather than unilaterally deciding not to comply with it. Employer responds that claimant was never statutorily or substantively entitled to the overpayment and, consequently, under our decision in *Lebanon Plywood v. Seiber*, 113 Or App 651, 833 P2d 1367 (1992), the Board was correct that it had no authority to order employer to pay an additional $6,405, of which $3,202.50 would clearly be an overpayment of compensation.

---

[1] ORS 656.262(10)(a) was renumbered by the 1995 legislature as ORS 656.262(11)(a). However, both provisions are identical and provide, in part:

"If the insurer or self-insured employer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the insurer or self-insured employer shall be liable for an additional amount up to 25 percent of the amounts then due."

We agree with the Board that our decision in *Seiber* is controlling here and that employer is not obligated to pay claimant the disputed $3,202.50. In *Seiber*, the employer did not pay temporary disability benefits to the claimant after his medically stationary date pending claim closure. The employer thereby avoided the overpayment that normally is incurred as a result of the delay in the administrative closure of the case. *Id.* at 653. The Board concluded that the employer had to pay temporary disability benefits from the medically stationary date to the date of claim closure even though that would result in an overpayment because these payments were " 'procedural' overpayments[,]" to which claimant was entitled. *Id.* at 653-54.

On review, we held that the payments that the employer withheld for the period following the claimant's medically stationary date were *not* an entitlement but rather were "a consequence of the administrative process of claim closure[.]" *Id.* at 654. Thus, we concluded that the Board had no authority to impose an overpayment that the claimant was not entitled to receive. *Id.* We noted then that the proper manner to ensure compliance and to prevent employers from unreasonably delaying or refusing to pay temporary disability benefits is to impose penalties. *Id.*

Claimant argues that *Seiber* is distinguishable because it involved a procedural "entitlement" as opposed to a substantive entitlement. Claimant contends that this case is controlled by the decisions in *Roseburg Forest Products v. McDonald*, 116 Or App 448, 841 P2d 697 (1992), and *Georgia-Pacific Corp. v. Piwowar*, 305 Or 494, 753 P2d 948 (1988), in which the claimants were found to have a substantive entitlement to the benefits in dispute. Although claimant acknowledges that, in this case, the amount that the July 21 order required employer to pay is a mistake, he asserts that he has a substantive entitlement to the $6,405 included in the department's order on reconsideration. He argues that his entitlement is "created by the mere existence of a valid Order awarding a specific amount of compensation, whether the amount awarded was based upon an erroneous calculation or not."

We do not agree that the erroneous order creates a substantive entitlement to the extra compensation. These circumstances are different from those in the cases on which claimant relies and from those in *Anodizing, Inc. v. Heath,* 129 Or App 352, 879 P2d 218 (1994), in which we also held that the claimant had an entitlement to the disputed benefits. In that case, the employer sought review of the order on reconsideration under ORS 656.313(1). Under the version of the statute applicable at that time, during the pendency of judicial review, the employer was required to continue to pay benefits.[2] The employer did not do so. We held that, despite the fact that the employer prevailed on review of claimant's award, the payments in that case were not "overpayments" because the claimant was substantively entitled under the statute, ORS 656.313, to continue to receive payments pursuant to the determination order, regardless of the eventual outcome of the review. Had the employer paid the benefits, it would not be entitled to recoup any of those benefits, even if it eventually prevailed. We pointed out in *Heath* that this presented different circumstances from those in *Seiber,* where the employer was entitled to recoup any compensation paid after the medically stationary date out of future awards to claimant. *Id.* at 357; *see also Roseburg Forest Products,* 116 Or App at 452, (time loss payments must be made pending review of the determination order pursuant to ORS 656.313(1)).

Here, claimant does not identify any authority that gives him a substantive entitlement to the extra compensation. This case does not involve an employer's petition for review and, as claimant concedes, ORS 656.313 is thus not applicable. Claimant does have a substantive right under ORS 656.214 to be compensated for his injury, but, in the absence of statutory authority providing otherwise, that right extends only to the actual amount of the award deemed appropriate for the degree of his injury. That statute does not provide a right, either substantively or procedurally, to receive an award in excess of that provided by the statute. Nor does ORS 656.295, the statute under which claimant

---

[2] ORS 656.313 was amended by Oregon Laws 1995, chapter 332, section 38. Under the current version, claimant is not entitled to permanent disability benefits pending appeal.

requested a hearing, provide a substantive right to payment regardless of the ultimate outcome of an administrative appeal. The Board's conclusion that employer was not obligated to pay the overpayment was correct.

■ In its cross-petition, employer argues that the Board erred in imposing a penalty under ORS 656.262(10) for employer's unreasonable failure to pay benefits. As noted above, the Board concluded that employer's failure to pay the erroneous amount of compensation included in the July 21 reconsideration order was unreasonable.

Our review of the Board's determination of whether an employer has unreasonably withheld compensation under ORS 656.262(10) was explained in our decision in *Tattoo v. Barrett Business Service*, 118 Or App 348, 353, 847 P2d 872 (1993):

> "Whether a delay in paying compensation is unreasonable under ORS 656.382(1) and ORS 656.262(10) involves both legal and factual questions. The correct legal inquiry is whether the employer had a legitimate doubt as to its liability. 'Unreasonableness' and 'legitimate doubt' are to be considered in the light of all the evidence available to the employer. If the Board uses the correct legal standard, then we review its finding about reasonableness for substantial evidence." (Citations omitted.)

*See also Dawes v. Summers*, 118 Or App 15, 19, 845 P2d 1308 (1993) (employer's failure to pay was based on a legitimate doubt as to its liability where language of determination order was ambiguous).

The Board acknowledged the apparent ambiguity in the July 21 reconsideration order, but then went on to conclude that the ambiguity did not excuse employer, because employer did not follow the procedures that it should have. The Board did not directly consider the question of whether employer had a legitimate doubt as to its obligation to pay the $6,405 awarded in the reconsideration order. It implicitly did so, however, in rejecting employer's arguments that it did not act unreasonably. The Board concluded that despite the fact that employer immediately contacted the department about the error in the order and was assured that it would be corrected, employer's failure to either to request a hearing on

the order on reconsideration or to pay the amount designated compels the conclusion that employer acted unreasonably. The Board reasoned that employer knew that claimant had requested a hearing and, therefore, it was charged with knowledge that under *former* OAR 436-30-008(1),[3] the department no longer had the authority to correct the order. Therefore, the Board concluded that employer could not rely on the fact that it thought that it had taken care of the problem in not paying the full amount awarded on the July 21 order in arguing that it did not act unreasonably.

We disagree with the Board's conclusion. The July 21 reconsideration order was ambiguous because it states both that the total scheduled award is 14 percent, which is equal to 21 degrees, and that employer must pay claimant $6,405 in addition to any past awards, which would have brought claimant's total award to 21 percent PPD.

Further, we do not agree with the Board that, based on this record, employer did not have a legitimate doubt about its obligation to make the full payment under the July 21 order. The Board's conclusion is based principally on its view that, under OAR 436-30-008(1), as a matter of law, employer could not have had any doubt that it had an obligation to pay the full amount due in the July 21 order. We do not agree. The evidence in the record does not support the Board's apparent assumption that employer knew that claimant's request for a hearing preceded its own request, much less that employer knew that claimant had sought a hearing at all. The evidence establishes that employer did have a legitimate doubt about its obligation to pay the full amount in the July 21 order. We conclude that the Board's holding that employer unreasonably resisted the payment of

---

[3] OAR 436-30-008(1) provided:

"Evaluation and the Appellate Unit may change or cancel any order it issues if it has made an inadvertent error or omission which affects the order. Evaluation will act within 180 days after the Determination Order being changed or canceled is mailed only if a request for reconsideration pursuant to OAR 436-30-050 has not been made. The Appellate Unit will act within the remainder of the appeal period after the reconsideration order being changed or cancelled [*sic*] is mailed *only if a hearing has not been requested.*" (Emphasis supplied.)

compensation for purposes of ORS 656.262(10) is not supported by the record. Accordingly, the Board erred in imposing a penalty on employer.

Affirmed on petition; reversed on cross-petition.