Argued and submitted March 5, reversed and remanded for reconsideration September 10, petition for review denied November 25, 1997 (326 Or 133)

In the Matter of the Compensation of
Roger C. Atchley, Jr., Claimant.

Roger C. ATCHLEY, Jr.,
*Petitioner,*

*v.*

GTE METAL ERECTORS
and Liberty Northwest Insurance Corporation,
*Respondents.*

(95-13677; CA A93414)

945 P2d 557

James S. Coon argued the cause for petitioner. With him on the brief was Swanson, Thomas & Coon.

Alexander D. Libmann argued the cause and filed the brief for respondents.

Before Deits, Chief Judge, and De Muniz and Haselton, Judges.

DE MUNIZ, J.

**DE MUNIZ, J.**

Claimant seeks review of an order of the Workers' Compensation Board (Board) upholding a denial of claimant's request for temporary disability benefits. We review for errors of law, ORS 656.298(6); 183.482(8), and reverse.

The undisputed facts, as stated by the Board, are:

"Claimant sustained a [disabling] compensable injury on May 7, 1993. A Notice of Closure issued on July 7, 1994, finding claimant medically stationary as of June 9, 1994. On January 3, 1995, claimant began an authorized training program (ATP), and the insurer reinstituted payment of temporary total disability (TTD) benefits. Claimant completed the ATP on September 18, 1995, and the insurer suspended payment of TTD benefits at that time.

"A Determination Order (DO) issued on January 5, 1996, reclosing the claim. Noting that claimant had completed the ATP, the DO awarded temporary disability from January 3 through September 18, 1995. The DO also affirmed the June 9, 1994 medically stationary date. Claimant requested a hearing, contending that the insurer was required to continue payment of temporary disability benefits until termination was authorized by ORS 656.268(9). The [administrative law judge (ALJ)] assessed a 25 percent penalty for the insurer's unreasonable suspension of TTD benefit (from which insurer does not appeal). However, citing *Lebanon Plywood v. Seiber*, 113 Or App 651, [833 P2d 1367] (1992), the ALJ declined to award further [temporary] benefits."

The Board affirmed the ALJ's decision.

Claimant contends that the Board erred when it found that claimant was not entitled to temporary disability benefits from September 19, 1995, through January 5, 1996. Specifically, claimant argues that the Board improperly characterized his right to temporary benefits during this period as procedural, not substantive, and thereby improperly applied *Lebanon Plywood* to claimant's case. Claimant argues that because his "entitlement to temporary disability benefits * * * arises from a specific Department rule"—OAR 436-60-040(3)[1]—his entitlement is substantive, and, thus,

---

[1] Respondents do not dispute the applicability of OAR 436-60-040(3) to this case. We note, however, that since the hearing, OAR 436-60-040 has been

his case is not controlled by *Lebanon Plywood*. We agree with claimant.

Although, as claimant posits, the "development of the distinction between 'procedural' and 'substantive' temporary disability benefits [is] somewhat obscure," the distinction can be ascertained. In *Lebanon Plywood*, the employer sought review of orders of the Board that required it to pay temporary disability benefits during the period between the point at which the claimant became medically stationary and the issuance of a determination order. 113 Or App at 653. This court reversed the Board, reasoning as follows:

> "Substantively, the worker's entitlement to temporary benefits ends on the medically stationary date. Because of delays in processing, the actual payment of temporary benefits continues until the determination order is issued. That delay results in an overpayment of temporary benefits that the employer is entitled to recoup by deduction from any permanent disability compensation awarded. * * * If processing delay does not result in overpayment, the Board has no authority to impose one." *Id*. at 654 (citing ORS 656.268(10)).

In *Roseburg Forest Products v. McDonald*, 116 Or App 448, 841 P2d 697 (1992), the employer appealed a determination order closing the claimant's claim and awarding the claimant temporary disability benefits. The employer argued that the claimant was not entitled to temporary benefits because he had withdrawn from the workforce and, accordingly, refused to pay benefits during the pendency of the appeal. We affirmed, holding that, because the claimant's right to temporary disability benefits during the pendency of appeal arose directly from an earlier version of ORS 656.313(1), his entitlement to such benefits was unconditional, and payment was required regardless of the outcome of the appeal. *Id*. at 452.

Similarly, in *Anodizing, Inc. v. Heath*, 129 Or App 352, 879 P2d 218 (1994), the employer appealed an order of

---

amended, renumbering subsection (3) as subsection (2) and making some minor word changes. The changes do not affect this case. Here, we refer to the older version of OAR 436-60-040 as cited by the parties and in effect at the time of the hearing.

the Board awarding the claimant temporary disability benefits. During the pendency of the appeal, the employer did not pay the claimant these benefits. The Board relied on the current version of ORS 656.313(1)(a)(A), which provides, in part:

"Filing by an employer or the insurer of a request for hearing on a reconsideration order * * * stays payment of the compensation appealed, except for:

"(A) Temporary disability benefits that accrue from the date of the order appealed from until closure under ORS 656.268, or until the order appealed from is itself reversed, whichever event first occurs[.]"

We held that, because the statute unconditionally entitles a claimant to temporary disability benefits during the pendency period, a claimant was

"entitled to those benefits during the appeal process, regardless of the outcome. * * * No overpayment of benefits results, as in *Lebanon Plywood*. Had employer paid the benefits during the appeal, it would not be entitled to recoup any of those benefits upon obtaining a reversal of the order on reconsideration." *Anodizing, Inc.*, 129 Or App at 357.

■ Thus, the general distinction between a substantive and procedural entitlement is that a substantive benefit is one that is made explicit and unconditional by statute, while a procedural benefit is conditional, arising solely from the vagaries of claim processing.[2]

■ Claimant contends that his entitlement to temporary disability benefits is substantive because, unlike *Lebanon Plywood*, but similar to *Roseburg Forest Products* and *Anodizing, Inc.*, it derives from an explicit entitlement. Claimant argues that because OAR 436-60-040(3), like ORS 656.313(1)(a)(A), explicitly mandates the continued payment of temporary disability benefits for a specified period, claimant is substantively entitled to such benefits. We agree.

---

[2] We also addressed the "procedural vs. substantive" question in *Vega v. Express Services*, 144 Or App 602, 927 P2d 1106 (1996), *rev den* 325 Or 446 (1997); however, at issue in that case was an order awarding an erroneous amount of compensation, not a question regarding temporary disability benefits. Notwithstanding the distinct factual circumstance, we held generally, and in accord with *Lebanon Plywood* and its progeny, that a substantive entitlement must derive from explicit statutory authority. *Id.* at 607.

OAR 436-60-040(3) provides:

"The insurer shall stop temporary disability compensation payments and resume any suspended award payments upon the worker's completion or ending of the training, unless the worker is not then medically stationary. If no award payment remains due, temporary disability payments shall continue pending a subsequent determination order by the Division. However, if the worker has returned to work, the insurer may reevaluate and close the claim without the issuance of a determination order by the Division."

The rule requires the insurer to continue to pay temporary disability benefits during the period between completion of a training program and issuance of a redetermination order if the worker is medically stationary, is not entitled to additional permanent disability awards and is not working. Further, like ORS 656.313(1)(a)(A), the regulation makes such payments unconditional. Here, the undisputed facts indicate that, between September 19, 1995, and January 5, 1996, claimant's situation was exactly as described in the rule. Generally, administrative rules and regulations have the same regulatory force as statutes. *Bronson v. Moonen*, 270 Or 469, 476, 528 P2d 82 (1974); *see also Harsh Investment Corp. v. State Housing Division*, 88 Or App 151, 157, 744 P2d 588 (1987), *rev den* 305 Or 273 (1988) (citing *Bronson*). Because claimant was entitled substantively to temporary disability payments during that period, the Board erred in applying *Lebanon Plywood* and in denying claimant temporary benefits for the period in question.

Reversed and remanded for reconsideration.