Argued and submitted May 22, 1997, affirmed February 4, 1998

In the Matter of the Compensation of
Benjamin G. Santos, Claimant.

Benjamin G. SANTOS,
*Petitioner,*

*v.*

CARYALL TRANSPORT
and SAIF Corporation,
*Respondents.*

(92-05344, 93-11469; CA A94232 (Control), A94233)
(Cases Consolidated)

954 P2d 187

Donald M. Hooton argued the cause and filed the brief for petitioner.

Michael O. Whitty argued the cause and filed the brief for respondents.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

### LANDAU, J.

Claimant seeks review of two orders of the Workers' Compensation Board (Board) denying claimant's request for temporary partial disability benefits after the date that he became medically stationary. We affirm.

The facts are not in dispute. Claimant worked for employer as a full-time transport driver. On January 7, 1991, he injured his low back and right hip. He was taken off work and was referred to Dr. Flemming for physical therapy and chiropractic treatment. Employer began paying temporary total disability benefits. On February 8, 1991, Flemming released claimant to light-duty work, although there apparently was no such work available with employer at the time. On May 13, 1991, claimant began work as a school bus driver for a different employer. He worked only half time, but at the same hourly rate that he was paid at the time of his injury. Employer ceased paying temporary total disability benefits and began paying temporary partial disability benefits. On December 6, 1991, claimant saw Dr. Feldstein for continued low back symptoms. Feldstein stated that she would not authorize time loss. Employer then terminated temporary partial disability benefits.

Claimant requested a hearing on the termination of his temporary partial disability benefits. Meanwhile, the claim was closed by a January 6, 1993, determination order finding that claimant became medically stationary on December 5, 1991. Claimant requested reconsideration of the determination order. Thus, two separate proceedings began concerning claimant's entitlement to temporary partial disability benefits.

In the first proceeding, concerning the employer's unilateral termination of the benefits, the administrative law judge (ALJ) ultimately held for employer, on the ground that, under our opinion in *Lebanon Plywood v. Seiber,* 113 Or App 651, 833 P2d 1367 (1992), employer could not be ordered to pay temporary partial disability benefits beyond the date that claimant became medically stationary. Claimant requested review, and the Board affirmed on the same ground. Claimant sought judicial review, and we remanded

for reconsideration in the light of recent amendments to the workers' compensation statutes. *Santos v. Caryall Transport,* 137 Or App 527, 905 P2d 865 (1995). On remand, the Board concluded that the recent amendments to the relevant statutes did not affect the viability of the *Lebanon Plywood* decision and reaffirmed its conclusion that it could not order employer to pay temporary partial disability benefits beyond claimant's medically stationary date. The Board's order on remand is the first of the two orders of which claimant now seeks review.

In the second proceeding, the appellate review unit affirmed the January 6, 1993, determination order and awarded temporary disability only through the medically stationary date of December 5, 1991. Claimant requested a hearing, and the ALJ affirmed. Claimant requested Board review, and the Board likewise affirmed, again citing *Lebanon Plywood.* Claimant sought judicial review, and we remanded for reconsideration in the light of the recent statutory amendments. *Santos v. Caryall Transport,* 138 Or App 701, 909 P2d 903 (1996). On remand, the Board affirmed its prior decision, again citing *Lebanon Plywood.* The Board's order on remand is the second of the two orders of which claimant now seeks review.

On consolidated review, claimant contends that the Board erred in denying him temporary partial disability benefits beyond his medically stationary date. According to claimant, no statute authorizes an employer to terminate unilaterally the payment of temporary partial disability benefits on the medically stationary date. Claimant contends that he is entitled to temporary disability benefits as long as his claim "is in open status and the determination of entitlement to benefits has not yet been made through a closure of the claim." Our decision in *Lebanon Plywood,* claimant contends, is incorrect and should be overruled. He contends that the decision has been superseded by amendments to ORS 656.268, which now limit to specific grounds—which do not include a claimant becoming medically stationary—the authority of an employer to terminate unilaterally temporary disability benefits.[1]

---

[1] ORS 656.268(3) provides:

Employer contends that, under *Lebanon Plywood*, it paid claimant all the benefits to which he was entitled. Employer contends that the Board correctly concluded that nothing in the current version of the relevant statutes creates an entitlement to continued payment of temporary partial disability benefits beyond the medically stationary date. To the contrary, employer argues, ORS 656.262(4)(f) (1995)[2] expressly provides that temporary disability compensation is no longer due when the worker's attending physician ceases to authorize temporary disability, and, in this case, no physician authorized temporary disability benefits after December 5, 1991. To that argument, claimant replies that ORS 656.262(4)(f) (1995) was enacted after his case went to hearing and cannot be applied to him retroactively.

In *Lebanon Plywood*, we held that, because a worker is entitled to temporary disability benefits only until he or she becomes medically stationary, the Board lacks authority to order that such benefits be paid beyond the medically stationary date. We recognized that delays in processing information about the worker's medical status may result in the worker being paid temporary disability benefits beyond the medically stationary date until the determination order is issued. That set of circumstances creates an overpayment of benefits, which the employer is later entitled to recoup by deduction from any permanent disability compensation awarded. We nevertheless held that, because "[s]ubstantively, the worker's entitlement to temporary benefits ends on the medically stationary date," the Board lacks authority

---

"Temporary total disability benefits shall continue until whichever of the following events first occurs:

"(a) The worker returns to regular or modified employment;

"(b) The attending physician advises the worker and documents in writing that the worker is released to return to regular employment;

"(c) The attending physician advises the worker and documents in writing that the worker is released to return to modified employment, such employment is offered in writing to the worker and the worker fails to begin such employment; or

"(d) Any other event that causes temporary disability benefits to be lawfully suspended, withheld or terminated under ORS 656.262(4) or other provisions of this chapter."

[2] In 1997, ORS 656.262(4)(f) (1995) was renumbered to ORS 656.262(4)(g). Or Laws 1997, ch 639, § 7.

affirmatively to create such an overpayment. *Lebanon Plywood*, 113 Or App at 653-54.

Lebanon Plywood was decided under the version of the workers' compensation statutes in effect in 1989; it did not consider the effects of amendments to the statutes in 1990 or in 1995. We have consistently applied the decision, however, to cases arising under the amended versions of the statutes. *See, e.g., Atchley v. GTE Metal Erectors,* 149 Or App 581, 583-85, 945 P2d 557, *rev den* 326 Or 133 (1997); *Foster Wheeler Constructors, Inc. v. Parker,* 148 Or App 6, 11-12, 939 P2d 52 (1997); *Vega v. Express Services,* 144 Or App 602, 605-08, 927 P2d 1106 (1996), *rev den* 325 Or 446 (1997); *Anodizing, Inc. v. Heath,* 129 Or App 352, 355-57, 879 P2d 218 (1994).

Because we conclude that the Board correctly determined that this claim is controlled by the holding in *Lebanon Plywood,* we need not consider the parties' arguments about the applicability of ORS 656.262(4).[3]

Affirmed.

---

[3] Because we decline to reconsider the effects of recent statutory changes on the validity of *Lebanon Plywood,* we also express no opinion on claimant's contentions concerning the effect of amendments to ORS 656.268(3)—which, by its terms, refers only to "temporary total disability"—to this case, which involves the unilateral termination of temporary partial disability benefits.