Argued and submitted September 30, 2019, affirmed on petition and cross-petition December 30, 2020

In the Matter of the Compensation of
Jorge A. Rodriguez, Claimant.

Jorge A. RODRIGUEZ,
*Petitioner*
*Cross-Respondent,*

*v.*

KEYSTONE RV - THOR INDUSTRIES,
*Respondent*
*Cross-Petitioner.*

Workers' Compensation Board
1700887, 1604801; A167474

480 P3d 303

Claimant seeks review of an order of the Workers' Compensation Board upholding the determination of an administrative law judge (ALJ) that claimant was entitled to substantive temporary disability benefits, but reversing the ALJ's assessment of a penalty under ORS 656.262(11)(a) and employer-paid attorney fees under ORS 656.382, determining that employer had not unreasonably resisted or delayed paying claimant temporary disability benefits. The self-insured employer contends on cross-petition that the board erred in concluding that an authorization of temporary disability benefits could be inferred from the medical record and in upholding the determination of the Appellate Review Unit that claimant was entitled to substantive temporary disability benefits. *Held*: As to entitlement to substantive temporary disability benefits, the board did not err in concluding that, despite the absence of an explicit medical authorization of benefits or time off work, the attending physician's authorization could be inferred from the medical record. On the question of a penalty, the board did not err in determining that, although an inference could be made from the entire medical record that the attending physician had authorized time loss, in the absence of an explicit work restriction, the opposite inference—that there had not been a medical authorization—was also reasonable, and employer therefore had a legitimate doubt as to its liability for temporary disability benefits. Thus, the Court of Appeals upheld the board's determination that no penalty was due.

Affirmed on petition and cross-petition.

Julene M. Quinn argued the cause and filed the briefs for petitioner-cross-respondent.

Rebecca A. Watkins argued the cause for respondent-cross-petitioner. Also on the briefs was Sather, Byerly & Holloway, LLP.

Before Ortega, Presiding Judge, and Shorr, Judge, and James, Judge.

ORTEGA, P. J.

Affirmed on petition and cross-petition.

## ORTEGA, P. J.

Claimant seeks review of an order of the Workers' Compensation Board upholding the determination of an administrative law judge (ALJ) that claimant was entitled to substantive temporary disability benefits but reversing the ALJ's assessment of a penalty under ORS 656.262(11)(a) and employer-paid attorney fees under ORS 656.382, determining that employer had not unreasonably resisted or delayed paying claimant temporary disability benefits. Keystone RV – Thor Industries, the self-insured employer, contends on cross-petition that the board erred in concluding that an authorization of temporary disability benefits could be inferred from the medical record and in upholding the determination of the Appellate Review Unit (ARU) that claimant was entitled to substantive temporary disability benefits.[1] We review the board's order for errors of law and substantial evidence, ORS 656.298; ORS 183.482(7), (8), and conclude that the board did not err. We therefore affirm on the petition and cross-petition.

The underlying facts are undisputed. Claimant suffered a compensable work injury in August 2013, which employer accepted as a right knee strain and medial and lateral meniscus tears. In December 2013, Dr. Bell, an orthopedic surgeon and claimant's attending physician, performed a right knee arthroscopy and meniscectomy. Bell took claimant off work for a period of time after the surgery. Employer paid temporary disability benefits and closed the claim in May 2014 with an award of five percent permanent impairment.

In August 2014, employer reopened the claim for an aggravation of the right knee injury, and Bell again took claimant off work. Employer paid temporary disability benefits for the right knee through February 25, 2015, the date

---

[1] "Procedural" temporary disability benefits are those benefits that are statutorily mandated to be paid on an accepted claim while the claim is open. They are distinct from "substantive" benefits that a claimant is awarded at claim closure under ORS 656.210 and ORS 656.212, based on a preponderance of the evidence in the entire record showing that the claimant was disabled due to a compensable injury before becoming medically stationary. *See Lebanon Plywood v. Seiber*, 113 Or App 651, 653-54, 833 P2d 1367 (1992) (describing "procedural" and "substantive" temporary disability benefits).

on which Bell determined that claimant had become medically stationary.[2]

Shortly after employer reopened the right knee claim, claimant began to experience symptoms in his left knee. In October 2014, Bell diagnosed a medical meniscus tear of the left knee and, on November 13, 2014, he performed a left knee arthroscopy and partial meniscectomies. The board found that claimant's post-surgical discharge instructions advised "'no making important decisions for 24 hours, ambulate with assistance as tolerated, weight bearing as tolerated,' elevate the left leg above the heart, and use cold therapy for 20 minutes every two hours (or continuously if tolerated)." However, the doctor's chart notes did not explicitly authorize temporary disability benefits for the left knee or state that claimant was restricted from work on account of the left knee.

Employer denied a new/omitted medical condition claim for the left knee and did not begin paying benefits for temporary disability for that knee. However, claimant continued to be off work for the right knee and to receive procedural temporary disability benefits for the right knee through February 25, 2015. As of that date, Bell declared claimant "fit for full duty" with respect to both knees. The right knee aggravation claim closed on March 3, 2015, with a substantive award of temporary disability benefits from June 9, 2014 to November 18, 2014.

Claimant's left-knee claim continued in litigation. Ultimately, in December 2015, an ALJ ordered employer to accept the left-knee injury as a consequential condition, and the board affirmed that order. In October 2016, claimant requested a hearing, seeking procedural temporary disability benefits for the left knee condition, a penalty, and attorney fees. On December 19, 2016, employer reopened the claim, amended its notice of acceptance to include the left knee meniscal tear condition, and reclosed the claim with an award of permanent partial disability. The notice of

---

[2] Claimant received procedural temporary disability benefits for the right knee until February 25, 2015, but Bell determined that claimant's right knee was medically stationary as of November 18, 2014; therefore, claimant received an overpayment of temporary disability benefits of approximately three months for the right knee.

closure did not award additional temporary disability benefits, however, stating that there had been no authorization for temporary disability benefits for the left knee condition. Claimant requested reconsideration.

On February 14, 2017, the ARU issued an order on reconsideration of the notice of closure of the left knee claim, awarding claimant substantive benefits at closure for temporary disability from November 19, 2014 through February 25, 2015, the medically stationary date for the left knee. The ARU noted that OAR 436-060-0020(4) (2016), an administrative rule of the Department of Consumer and Business Services, allows an inference of authorization "from such medical records as a surgery report or hospitalization record that reasonably reflects an inability to work because of the compensable claim, or from a medical report or chart note generated at the time of, and indicating, the worker's inability to work." On that basis, the ARU found that time loss benefits had been authorized:

> "[T]he temporary disability for this open period was authorized beginning November 19, 2014, which is the first date beyond what was authorized in the March 4, 2015, Notice of Closure, and ending February 25, 2015, when the worker was released to regular work and declared medically stationary[.]"

Claimant requested a hearing, seeking procedural temporary disability benefits for the left knee up to the date of closure, penalties, and attorney fees. Employer submitted a cross-request for hearing, challenging the ARU's award of temporary disability benefits for the left knee.

The ALJ upheld the ARU's award of substantive benefits for temporary disability from the date of claimant's left-knee surgery to February 25, 2015, when Bell determined that claimant had become medically stationary. The ALJ also determined, citing ORS 656.262(4)[3] and *Lederer*

---

[3] ORS 656.262(4) provides:

"Temporary disability compensation is not due and payable for any period of time for which the insurer or self-insured employer has requested from the worker's attending physician or nurse practitioner authorized to provide compensable medical services under ORS 656.245 verification of the worker's inability to work resulting from the claimed injury or disease and the physician or nurse practitioner cannot verify the worker's inability to

*v. Viking Freight, Inc.*, 193 Or App 226, 234, 89 P3d 1199, *adh'd to as modified on recons*, 195 Or App 94, 96 P3d 882 (2004), that employer should have inferred from the medical records the attending physician's approval of claimant's entitlement to procedural temporary disability benefits for the left knee. However, the board is not authorized to require an insurer to make an overpayment. *See Lebanon Plywood v. Seiber*, 113 Or App 651, 654, 833 P2d 1367 (1992) (the board has no authority to require a payment of benefits for procedural temporary disability that conflicts with a substantive entitlement of benefits determined in a notice of closure or order on reconsideration; rather, a penalty is the appropriate consequence for an unreasonable failure to pay those benefits). Because the claim had been closed with a substantive award of benefits only through February 25, 2015, the ALJ determined that an award of procedural temporary disability benefits through the December 19, 2016, date of claim closure would exceed claimant's substantive award and would therefore result in an overpayment. Thus, the ALJ did not award those additional benefits for procedural temporary disability but instead assessed a penalty under ORS 656.262(11)(a),[4] for an unreasonable refusal to pay procedural temporary disability benefits, and attorney fees under ORS 656.382(1).[5]

Employer appealed the ALJ's order to the board, challenging the award of substantive temporary disability

---

work, unless the worker has been unable to receive treatment for reasons beyond the worker's control."

[4] ORS 656.262(11)(a) provides, in part:

"If the insurer or self-insured employer unreasonably delays or unreasonably refuses to pay compensation, attorney fees or costs, or unreasonably delays acceptance or denial of a claim, the insurer or self-insured employer shall be liable for an additional amount up to 25 percent of the amounts then due plus any attorney fees assessed under this section."

[5] ORS 656.382(1) provides:

"If an insurer or self-insured employer refuses to pay compensation, costs or attorney fees due under an order of an Administrative Law Judge, the board or the court, or otherwise unreasonably resists the payment of compensation, costs or attorney fees, except as provided in ORS 656.385, the employer or insurer shall pay to the attorney of the claimant a reasonable attorney fee as provided in subsection (2) of this section. To the extent an employer has caused the insurer to be charged such fees, such employer may be charged with those fees."

benefits and the assessment of a penalty and attorney fees. The board reviewed the penalty question first. In its review of the penalty issue, the board specifically found that, after claimant's surgery, Bell had not made an explicit authorization of temporary disability or time off work:

> "[C]ontemporaneous medical records do not establish that Dr. Bell considered [claimant] to be unable to work due to his left knee condition. *** [C]onsidering the absence of work restrictions from Dr. Bell resulting from claimant's left knee surgery, such a record supports a reasonable inference that Dr. Bell did not intend to authorize claimant to be off-work pertaining to his accepted left knee condition."

The board reversed the ALJ's assessment of a penalty, reasoning that, in light of the absence of an explicit authorization of temporary disability benefits or time off work by claimant's doctor, employer had a legitimate doubt as to its liability for temporary disability benefits. *See Brown v. Argonaut Insurance Company*, 93 Or App 588, 591, 763 P2d 408 (1988) (applying legitimate doubt standard).

Nonetheless, citing OAR 436-060-0020(4) (2016), the board accepted the ARU's finding that an authorization for substantive temporary disability could be inferred from the medical records which, the board found, "reasonably reflect [claimant's] inability to work." Thus, the board rejected employer's challenge to the award of benefits for substantive temporary disability as determined by the ARU.[6]

On judicial review, claimant asserts that the board erred in setting aside the ALJ's award of a penalty and attorney fees. In its cross-petition, employer asserts that, in the absence of authorization of temporary disability from claimant's doctor, the board erred in upholding the ARU's award of substantive temporary disability benefits.

---

[6] The board rejected claimant's contention that OAR 436-060-0020(4) (2016) should be applied to allow an inference of authorization of procedural temporary disability, interpreting the rule to apply only to determinations of substantive temporary disability at the time of claim closure and therefore as not applicable to determine whether claimant was entitled to procedural temporary disability. *See Lederer*, 193 Or App at 234 (holding that OAR 436-060-0020(4) (2016) by its terms, addresses processing obligations at the time of claim closure and not whether authorization has been provided on an open claim).

We address first the issue raised in the cross-petition as to whether there was medical authorization of temporary disability benefits. ORS 656.262(4)(a) provides:

> "The first installment of temporary disability compensation shall be paid no later than the 14th day after the subject employer has notice or knowledge of the claim and the worker's disability, if the attending physician or nurse practitioner authorized to provide compensable medical services under ORS 656.245 authorizes the payment of temporary disability compensation."

Under ORS 656.262(4)(g),

> "[t]emporary disability compensation is not due and payable pursuant to ORS 656.268 after the worker's attending physician or nurse practitioner authorized to provide compensable medical services under ORS 656.245 ceases to authorize temporary disability or for any period of time not authorized by the attending physician or nurse practitioner."

Thus, under ORS 656.262(4), payment of either procedural or substantive temporary disability benefits must be authorized by the attending physician or nurse practitioner. *Menasha Corp. v. Crawford*, 332 Or 404, 412, 29 P3d 1129 (2001). In the absence of an explicit medical authorization of benefits or time off work, a physician's authorization may be inferred from the medical record. OAR 436-060-0020(4) (2016) provides:

> "The insurer at claim closure, or the division at reconsideration of the claim closure, may infer authorization from such medical records as a surgery report or hospitalization record that reasonably reflects an inability to work because of the compensable claim, or from a medical report or chart note generated at the time of, and indicating, the worker's inability to work."

*See Lederer*, 193 Or App at 237 (authorization of temp disability benefits may be inferred from a medical record reasonably understood to show the doctor's approval excusing the worker from work); *see also Scott v. Liberty Northwest Ins. Corp.*, 268 Or App 325, 330, 341 P3d 220 (2014) (obligation to pay benefits is triggered "when an objectively reasonable insurer or self-insured employer would understand

contemporaneous medical reports to signify approval excusing the worker from work"). The board upheld the award of benefits for substantive temporary disability, concluding that the physician's authorization for such benefits could be inferred from the medical record. The board cited the left-knee discharge instructions requiring claimant to "ambulate with assistance as tolerated, bear weight as tolerated," elevate the left leg above the heart, and "use cold therapy for 20 minutes every two hours (or continuously if tolerated)." That evidence, along with Bell's February 25, 2015, release of claimant to "full duty," led the board to conclude "that the medical record reasonably reflects that claimant was unable to work after the November 13, 2014 surgery."

On judicial review, employer asserts that ORS 656.262(4) requires a *physician's* authorization of time off work and that it is clear from the board's order that the board made its own conclusion as to whether claimant was disabled. A close reading of the board's order persuades us that, despite a less-than-precise analysis, the board understood the correct standard and applied it. In determining whether it could be inferred that Bell had authorized claimant to be off work, the board considered the entire record of Bell's surgical treatment of claimant's knees. Bell had previously authorized time loss when claimant had surgery on his right knee. In the board's view, that prior history, along with the left-knee surgical discharge instructions requiring claimant to keep his leg elevated and ice it for 20 minutes every two hours, allowed an inference of authorization. As we understand the board's order, the board held that Bell's authorization of time loss could be inferred from the restrictions imposed on discharge. We conclude that that determination is supported by substantial evidence.

Despite its determination that authorization of time off work could be inferred from the restrictions placed on claimant following his left knee surgery, as noted, the board also concluded that no penalty should be assessed, because employer had a legitimate doubt as to its liability. Claimant challenges that determination. The board explained that the absence of an explicit work restriction by the attending physician allowed a reasonable inference that Bell had

not intended to authorize time loss and thereby supported a legitimate doubt as to employer's liability for temporary disability benefits. Thus, while the board inferred from the entire medical record that Bell had authorized time loss, as to the question of a penalty, the board recognized that, in the absence of an explicit work restriction, the opposite inference—that there had not been a medical authorization—was also reasonable. We are persuaded that that was a permissible interpretation of the medical record and that the board's determination is supported by substantial evidence. *See Providence Health System v. Walker*, 252 Or App 489, 505, 289 P3d 256 (2012), *rev den*, 353 Or 867 (2013) (The question whether an insurer had a legitimate doubt as to its liability is a factual determination that we review for substantial evidence.). We therefore also affirm the board's determination that no penalty is owing.

Affirmed on petition and cross-petition.